Defendant James Lee Washington was indicted on a one-count indictment charging that he intentionally murdered Nathaniel Walker. Washington was convicted of murder in the Circuit Court of Jefferson County, and the conviction was affirmed by the Court of Criminal Appeals, 448 So.2d 409.
During the trial court's oral charge, the judge gave a lengthy charge as to the definition of "recklessness" and told the jury they could convict Washington of murder if they found that he acted "recklessly." The one-count indictment, however, only alleged that Washington acted "intentionally" in causing the death of the victim. The pertinent part of the oral charge was:
 "Now, after hearing the evidence, ladies and gentlemen, I am going to be talking with you shortly about homicide, the killing of a person. And we will be talking about the intent route, which is articulated here in this paper, and then we will be talking about another route or vehicle, if you will, that leads into murder. That is, reckless conduct — there is more to it than that, but you won't hear about intent, you will hear about recklessness.
". . . .
 "Now, ladies and gentlemen, a word about murder. Some of you heard me talk about murder before, because you were with us earlier this week. In our relatively new criminal code, effective January, 1980, one of the things that the code did, the new criminal code did, ladies and gentlemen, was abolish the degrees of murder, which perhaps you used to hear about. In the State of Alabama there are no degrees of murder any more. You won't hear me talking about degrees of murder.
 "Let's take a hypothetical person, and I will tell you what he has to do in order to commit murder in this state. We are not talking about these facts or Mr. Washington, certainly. A person does commit the crime of murder, ladies and gentlemen, if either of the following occur: And we will call them A or B or 1 or 2. Under the first hypothetical, he commits the crime of murder if he intentionally causes the death of another person. Very simple, he intentionally causes the death of another person. Intent is the key word, I think. Or, a person commits the crime of murder in this state, ladies and gentlemen, if under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person and thereby through his conduct so causes the death of another person.
 "So, in my judgment, those are the two definitions of murder, or two routes of murder under the facts we have heard. There are other ways that a person could commit murder in this state, but they would not apply here. *Page 406 
 "So, to sustain the charge of murder in this case, ladies and gentlemen, the State by the evidence must prove beyond a reasonable doubt each of the following elements.
 "Under A, first route — well, first, under either route, there is a very perfunctory question of whether or not Nathaniel Walker, Jr. is deceased. Maybe I shouldn't venture an opinion, but I don't think there is any contention that he is not deceased. But, in any event you must first find that he is deceased, that he is dead.
 "Secondly, that the defendant James Lee Washington caused the death of Nathaniel Walker, Jr. That is, that Nathaniel Walker, Jr. dies as a result of a conduct or activities engaged in by the defendant James Lee Washington, the shooting of Nathaniel Walker, Jr. with a pistol.
 "You must believe that James Lee Washington was the agent or the actor in committing the crime and pulled the trigger, and that he so caused the death of Nathaniel Walker, Jr. And that he did so intentionally. That is, that it was his purpose to cause Mr. Walker's death.
 "Or, go back to the predicate. To sustain the charge of murder in this case, the State by the evidence must prove beyond a reasonable doubt each of these following elements. That under circumstances manifesting extreme indifference to human life, that the defendant James Lee Washington acted recklessly — as I will define it in a moment, acted recklessly in engaging in a course of conduct which created a grave risk of death to Mr. Walker, and which in fact did cause his death."
At the conclusion of the oral charge the following exchange occurred:
 "MR. MILLER: May it please the Court, the defendant in this case is charged with a one count indictment. I would object to including the second count, recklessness.
"THE COURT: So noted.
"MR. MILLER: Other than that, we accept the charge.
"THE COURT: Very good. All right."
The Court of Criminal Appeals held that the objection failed to preserve the alleged error as it was fragmentary and that, "Where, as here, counsel asserts the oral charge is not as full and instructive as defendant's counsel desires, his remedy is to tender written charges which elucidate and explain the defendant's theory of the case." Washington v. State,448 So.2d 398 (Ala.Cr.App. 1983). We disagree.
In order to preserve alleged error in the trial court's oral instructions to the jury, the objection must be made prior to the jury's retirement for deliberation, Johnson v. State,421 So.2d 1306 (Ala.Cr.App. 1982), but it need not be made in their presence. A.R.Crim.P., Temp. Rule 14. The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error. Crumpton v. State,402 So.2d 1081 (Ala.Cr.App. 1981). Defendant's counsel did object prior to the jury's retirement for deliberation. The objection was to the oral instruction that defendant could be found guilty if under circumstances manifesting extreme indifference to human life he recklessly caused the death of the victim, when the indictment alleged only that the defendant acted intentionally. The objection by the defendant pointed out that the indictment only had one count, intentional murder, and he objected to the inclusion of a reference to recklessness. We fail to see how the trial court could not have been put on notice as to what the alleged error was. The holding of the Court of Criminal Appeals that petitioner's remedy is to tender written charges which elucidate and explain the defendant's theory of the case confuses a situation where the objection is to the court's refusal or omission to charge on a particular subject, and the situation — like that in this case — where the objection is to what the trial court did say. Passmore v. State, 47 Ala. App. 189, 252 So.2d 115 (Ala.Cr.App. 1971). In the latter situation only a *Page 407 
specific objection is required. Hall v. State, 375 So.2d 536
(Ala.Cr.App. 1979).
Having concluded that the defendant did preserve the alleged error, we must determine whether the oral charge constituted a fatal variance from the indictment. A defendant is constitutionally entitled to be informed of the nature and the cause of the accusation against him. U.S. Const. amend. VI; Ala. Const. art. I, § 6. The function of the indictment is to inform the accused of the crime with which he is charged, so that he may prepare a defense if one is available, Ex ParteHightower, 443 So.2d 1272 (Ala. 1983); City of Montgomery v.Collins, 355 So.2d 1111 (Ala. 1978). The person accused of a crime is required at trial to answer only the specific charge contained in the indictment. Geeter v. State, 35 Ala. App. 207,45 So.2d 167 (1950).
In Marsh v. State, 418 So.2d 191 (Ala.Cr.App. 1982), a similar case, the Court of Criminal Appeals decided that the giving of the charge on reckless murder did not constitute a fatal variance. That court stated that "[t]he trial court was obligated to charge on the entire statute should the proof so warrant. . . ." Id. at 193. Apparently, the Court of Criminal Appeals felt that the inclusion in the indictment of the code number of the statute alleged to have been violated, § 13A-6-2, was sufficient notice to the defendant that he was charged with violation of any part of the statutory provision.[1]
Our holding in Ex Parte Hightower, supra, necessarily rejects that conclusion. In Hightower the defendant was charged with "the crime of sexual misconduct in that the said William Edward Hightower, a male, did engage in sexual intercourse with Virgilyn Williams, a female, without her consent in violation of § 13A-6-65 of the Code of Alabama. . . ." We concluded that because the proof showed that he obtained her consent by artifice, there was a fatal variance between the solicitor's complaint and the proof. The inclusion of the code section number in the solicitor's complaint must not have been sufficient to put the defendant on notice that he was charged with violation of any provable part of the statutory provision. If this was true in Hightower, where the "without her consent" and "consent obtained by artifice" alternatives are contained within the same subsection of § 13A-6-65, then it must also be true in this case, where the intentional murder and reckless murder alternatives are contained in different subsections of §13A-6-2.
We recognize that it has long been the law that a person indicted for a specific offense can be convicted of a lesser included offense. Code 1975, § 13A-1-9; cf. Chavers v. State,361 So.2d 1106 (Ala. 1978), on remand, 361 So.2d 1109
(Ala.Cr.App. 1978). This is true because a lesser included offense is generally defined as an offense the elements of which must necessarily be proven in order to convict for the specific higher offense. Mayes v. State, 350 So.2d 339
(Ala.Cr.App. 1977); Payne v. State, 391 So.2d 140 (Ala.Cr.App. 1980), writ denied, 391 So.2d 146 (Ala. 1980). Therefore, the defendant is on notice as to all the elements of the included offense that he must defend against.
We must determine, therefore, whether the offense specified in Code 1975, § 13A-6-2 (a)(2), is an offense included within the offense specified in § 13A-6-2 (a)(1). Code 1975, §13A-6-2, in pertinent part, provides:
"(a) A person commits the crime of murder if:
 "(1) With intent to cause the death of another person, he causes the death of that person or of another person; or
 "(2) Under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person *Page 408 
other than himself, and thereby causes the death of another person. . . ."
Code 1975, § 13A-1-9, sets out the criteria for deciding what are included offenses:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." (Acts 1977, No. 607, p. 812, § 126.)
The difference between homicide by reckless conduct manifesting extreme indifference to human life, sometimes referred to as "universal malice murder," and "purposeful" or "knowing murder" was set forth in Northington v. State,413 So.2d 1169, 1170 (Ala.Cr.App. 1981), which stated:
 "Reckless homicide manifesting extreme indifference to human life (13A-6-2 (a)(2)) must be distinguished from purposeful or knowing murder (13A-6-2 (a)(1)). See American Law Institute, Model Penal Code and Commentaries, Part II, Section 210.2 (1980). Under whatever name, the doctrine of universal malice, depraved heart murder, or reckless homicide manifesting extreme indifference to human life is intended to embrace those cases where a person has no deliberate intent to kill or injure any particular individual. Napier v. State, 357 So.2d 1001, 1007
(Ala.Cr.App. 1977), reversed on other grounds, 357 So.2d 1011 (Ala. 1978). `The element of "extreme indifference to human life," by definition, does not address itself to the life of the victim, but to human life generally.' People By And Through Russel v. District Court For Fourth Judicial District, 185 Colo. 78, 521 P.2d 1254, 1256 (1974)."
See also McCormack v. State, 431 So.2d 1340 (Ala. 1983) (where this Court adopted the Court of Criminal Appeals' interpretation).
As pointed out, there are several differences between intentional murder, § 13A-6-2 (a)(1), and reckless murder, §13A-6-2 (a)(2). One is that the kind of culpability differs in that § 13A-6-2 (a)(1) requires intentional conduct and §13A-6-2 (a)(2) requires reckless conduct. Under § 13A-1-9
(a)(4), reckless murder could be considered an included offense of intentional murder, the indicted offense, if it differed from the indicted offense only because it required a lesser kind of culpability. However, there is another difference. If only a lesser type of culpability is shown, recklessness, the offense is manslaughter. Code 1975, § 13A-6-3 (a)(1). Section13A-6-2 (a)(2) must require something more. Section 13A-6-2
(a)(2) requires a showing that the defendant's conduct was directed at human life in general as opposed to a particular individual. This additional difference between the offense he was indicted for, intentional murder, and universal malice murder precludes the latter from being an included offense, since it can be established only by a showing of facts not required in order to be convicted of intentional murder under §13A-6-2 (a)(1).
We conclude that the trial court erred in giving an instruction on "universal malice" murder. Defendant has a constitutional right to be informed of the charges against him. U.S. Const. amend VI; Ala. Const., art. I § 6. Therefore, the judgment of the Court of Criminal Appeals is reversed, and this cause is remanded to that court for *Page 409 
entry of an order not inconsistent with this opinion.
REVERSED AND REMANDED.
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] The indictment in Marsh charged that the defendant "did intentionally cause the death of another person, Hubert Belt, by shooting him with a gun, in violation of Section 13A-6-2 of the Code of Alabama." 418 So.2d at 192.