Appellant, Garcila Dawson, was indicted by a one-count indictment charging that he intentionally murdered Ronnie Hardy in violation of § 13A-6-2, Code of Alabama 1975. He was convicted of murder and sentenced to a term of twenty years' imprisonment.
We need only address Dawson's first contention of error. He argues that the trial court erred in giving the following charge to the jury in which the jury was instructed they could convict Dawson if they found he acted "recklessly:"
 "A person commits the crime of murder, if, with the intent to cause the death of another person, he causes the death of that other person, or of anyone else, or under circumstances manifesting extreme indifference to human life, somebody recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of another person. . . .
 "I will go through it again. A person commits the crime of murder if, with the intent, somebody acts with intent when he acts with a purpose of accomplishing that which he accomplishes. So a person commits the crime of murder if, with a purpose to cause the death of somebody, he causes the death of that person, or of anyone, or under circumstances manifesting extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to a person other than himself, and thereby causes the death of somebody other than himself. And recklessly — the law says somebody acts recklessly when he is aware of, and consciously disregards a substantial and unjustifiable risk that the result will occur, or that the circumstances exist. And, that is recklessly."
Dawson contends that, because the indictment alleges that he acted intentionally in *Page 801 
causing the victim's death (§ 13A-6-2 (a)(1)), the trial court should not have charged on the reckless murder alternative contained in § 13A-6-2 (a)(2). The Alabama Supreme Court has recently resolved this exact issue in Ex parte Washington,448 So.2d 404 (Ala. 1984). There, the court held that "the trial court erred in giving an instruction on `universal malice' murder. Defendant has a constitutional right to be informed of the charges against him. U.S. Const. amend VI; Ala. Const., art. I § 6." In accordance with Washington, this cause is reversed and remanded.
REVERSED AND REMANDED.
All the Judges concur.