Curtis Marsh was indicted for "intentional murder" in violation of § 13A-6-2, Code of Alabama 1975. The trial judge instructed the jury on "reckless murder" over the timely objection of Marsh. The jury then returned a verdict of guilty of murder.
On appeal, this court held that there was not a fatal variance between an indictment charging "intentional murder" and an instruction on "reckless murder." See Marsh v. State,418 So.2d 191, (Ala.Crim.App.), cert. denied, 418 So.2d 191
(Ala. 1982).
Subsequent to our decision in Marsh, supra, the Alabama Supreme Court in Ex Parte Washington, 448 So.2d 404 (Ala. 1984), reversed this court on this precise issue.[1]
Marsh now appeals to this court because of the denial of his petition for writ of error coram nobis by the Mobile Circuit Court on this question. Marsh urges this court to reverse his conviction and remand this case for a new trial based onWashington, supra.
 I
The primary issue before our court is whether the Alabama Supreme Court's opinion in Washington, supra, is to be applied retroactively or prospectively.[2] There is no indication of what the Alabama Supreme Court intended on this point in its opinion in Washington, supra.
There is no general principle of law which states when a new rule of law should operate retroactively or prospectively. In criminal cases, courts have usually looked at the purpose of the new rule, the extent of the State's reliance on the old rule, and the impact of the new rule on the administration of justice in deciding whether to apply the new rule retroactively or prospectively. See Hankerson v. North Carolina,432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977) and cases cited therein.
In Hankerson, supra, the United States Supreme Court citingIn re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368
(1970), stated:
 "Where the major purpose of new constitutional doctrine is to overcome an aspect *Page 53 
of the criminal trial that substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials, the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances."
Hankerson, 97 S.Ct. at 2344.
The Alabama Supreme Court clearly stated in its opinion inWashington, supra, that the reason it reversed Washington's conviction was that a "defendant has a constitutional right to be informed of the charges against him." Washington, supra at 408.
If a defendant is only charged with "intentional murder" but the trial judge also charges the jury on "reckless murder", there is a distinct possibility that the jury could find the defendant guilty of "reckless murder" rather than "intentional murder." There is a serious risk that a defendant, in this situation, could be convicted of an offense for which he was not charged and of which he had no opportunity to defend himself.
It is clear to this court that the rule of law set out inWashington, supra, raises serious questions about the accuracy of guilty verdicts in past trials in which a "reckless murder" instruction has been given even though the defendant was only charged with "intentional murder". Therefore, this rule should be applied retroactively. (See cases herein cited).
Thus, we hold that Marsh's petition for writ of error coram nobis should have been granted. We reverse and remand this case to the trial court with instructions that a new trial be held in this cause.
Reversed and Remanded.
All the Judges concur.
[1] See also, Hughley v. State, 451 So.2d 439 (Ala.Crim.App. 1984); Ponder v. State, 451 So.2d 1382 (Ala.Crim.App. 1984); and Dawson v. State, 449 So.2d 800 (Ala.Crim.App. 1984).
[2] For a discussion on the applicability of overruling decisions, see Annot. 10 A.L.R.3d 1371 (1966).