Eddie Lee Geter was convicted of the murder of William Washington, Jr., by shooting him with a pistol. He was sentenced to twenty-one (21) years' imprisonment.
 I
Appellant Geter's first contention on appeal is that the verdict was against the great weight of the evidence. The evidence adduced at trial showed that on November 13, 1982, the appellant entered a *Page 198 
drinking establishment in Uniontown and approached the waitress. The evidence was conflicting regarding the contents of their conversation, nevertheless an argument developed wherein they exchanged blows. The waitress's brother, the deceased, stepped in to stop the fight. So, too, did another customer, a Mr. Cardwell, and the parties were separated. Several minutes later, the appellant and the deceased began arguing and the appellant began waiving a pistol in the deceased's face. It is undisputed that the deceased was unarmed. When the appellant pointed the pistol at the deceased, the latter grabbed a soda bottle and used it to hit the appellant in the face. The appellant was cut, staggered back a step, and cleared his face of the broken glass and blood. He then raised the gun and shot the deceased from point-blank range, turned, and walked out of the establishment. The appellant contends that he did not point the weapon at the deceased until after being struck with the bottle. He stated that he panicked, could not see the deceased because of his own facial injuries, and simply shot in the direction of the deceased. The cause of death was a gunshot wound to the left temple area of the brain.
 A
Appellant first contends that the evidence presented was sufficient to prove that he was moved to act by a sudden heat of passion caused by provocation recognized by law, and therefore he could not have the requisite intent for murder. Whether heat of passion was sufficiently proven was for the jury to determine. Such has long been the law of this state, e.g. Ex Parte Sloane, 95 Ala. 22, 11 So. 14 (1891).
 B
Secondly, the appellant contends that the state did not refute the issue of self-defense. As outlined above, the evidence regarding self-defense was conflicting; therefore, it is a matter left to the jury to decide. Ex Parte Johnson,433 So.2d 479 (Ala. 1983), Davis v. State, 450 So.2d 473
(Ala.Cr.App. 1984). Additionally, because the appellant admitted to killing the deceased, whether the killing was justified is likewise a question for the jury to resolve.Davis, supra.
 II
The appellant contends that the trial court erred in refusing to give two (2) requested jury charges. The state correctly points out that there was no objection to such refusal. Therefore, this issue is not preserved for review by this court. Rule 14, Temp.A.R.Crim.P.
 III
Appellant next contends that the trial court erred in refusing to hear a motion for new trial. The record is devoid of any documents to support such a claim. Also, the appellant's motion for new trial asserts that one juror could not understand and follow the evidence. That motion did not have any affidavits to support such a contention. The motion alone is not sufficient for this court to determine that the trial court abused its discretion. "`Assertions of counsel in an unverified motion for new trial are bare allegations and cannot be considered as evidence or proof of the facts alleged.'"Daniels v. State, 416 So.2d 760, 762 (Ala.Cr.App. 1982), quoting Smith v. State, 364 So.2d 1, 14 (Ala.Cr.App. 1978).
 IV
The last issue raised on appeal concerns the trial court's instructing the jury on universal malice, whereas the indictment only charged intentional murder. Such a practice is no longer allowed. See Ex parte Washington, 448 So.2d 404
(Ala.), on remand, 448 So.2d 409 (Ala.Cr.App. 1984).
The trial sub judice occurred on June 6-7, 1983, at a time when the trial court's actions were proper. It was not until nearly a year later that our Supreme Court decided Washington, disallowing such practice. Notwithstanding the fact that *Page 199 
this court has said that the Washington decision is to be applied retroactively, see Marsh v. State, 461 So.2d 51
(Ala.Cr.App. 1984), such does not aid this appellant, because in those cases there was a proper objection to the court's oral instructions.
In Washington v. State, 448 So.2d 398, 403 (Ala.Cr.App. 1983), this court held that the issue of the court's instructions was not properly preserved for review. The Supreme Court reversed, holding that the issue had been properly preserved. That court began its analysis with the preservation issue prior to determining that the universal malice charge cannot be given when the indictment only charges intentional murder:
 "Having concluded that the defendant did preserve the alleged error, we must determine whether the oral charge constituted a fatal variance from the indictment." 448 So.2d at 407
It is, therefore, quite clear that to preserve error for appellate review there must be an objection to the trial court's charge on universal malice when the indictment only alleges intentional murder. In this case, the appellant did not make such an objection, and so, the issue is not preserved. The analysis used by our Supreme Court in Washington commands this determination.
We note that because the oral charge was in compliance with the law in effect at that time, the failure of appellant's attorney to object to the charge could in no way be characterized as ineffective assistance of counsel.
AFFIRMED.
All the Judges concur.