[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 839 
Grover Lewis Biddie was charged in a one-count indictment with the intentional murder of Myrtie Bell Black. During the trial court's oral charge to the jury, the trial judge instructed the jury on the offense of "reckless murder" and on the offense of "intentional murder" even though the indictment contained only the charge of "intentional murder." The relevant portion of the court's oral charge is as follows:
 "I know that this may not be easy to understand. I will ask you in a little while if you want me to go back over anything. Does anybody want anything said again up to this point? I'm down to the point where I will talk with you about murder.
 "Mr. Davis told you a little bit about the history of the statutory change in our homicide statute, ladies and gentlemen. Homicide means the killing, the unlawful killing of a human being. There are occasions where people are killed excusably, or where it might be justified. We are talking about unlawful homicide. And we are talking about murder. Now, a person in Alabama — not talking about Mr. Biddie now, just hypothetically, but a person does commit the crime of murder, ladies and gentlemen, if either of the following happened. There are two routes to murder. Well, there are more than two. But there are only two possible routes to murder under these facts.
 "A person commits the crime of murder under the first route if he intentionally causes the death of another person. In short, if he purposely causes the death of another person. And I'm going to give you another definition of intentionally in a little while. But the key word is 'intent.' He is guilty of murder if with the intent to cause the death of another person he so causes that person's death, or a person commits the crime of murder in this state if under circumstances manifesting extreme indifference to human life he recklessly engages in conduct which creates a grave risk of death to another person and thereby causes that person's death. So, to sustain a charge of murder in this case, the State, by the evidence, must prove beyond a reasonable doubt each of the following elements under the first route, the intentional route: First, the rather perfunctory question about whether or not Ms. Black is deceased. I don't think there is any question otherwise. But that's the threshhold finding that you must make. *Page 840 
First, is Ms. Black dead. Secondly, you must find under the intentional route that Grover Lewis Biddie caused the lady's death, that she died as a result of his conduct or acts, that he strangled her, or that he committed a trauma to her neck, or that he killed her by other means. And finally, in committing these acts which caused the lady's death that Grover Lewis Biddie acted intentionally or purposely to cause her death. Or, under the second route, in order for the State to sustain the charge of murder under the second route, the State, by the evidence, must prove beyond a reasonable doubt these things: That the lady is dead, that the Defendant was the agent of her death, that he acted under circumstances manifesting extreme indifference to her life, that he acted recklessly as opposed to intentionally, you see. That he acted recklessly engaging in a course of conduct which created a grave risk of death to this lady, and which, in fact, did cause her death, and that this conduct denoted an extreme indifference to human life.
 "Now, there are some special definitions here of intentionally and recklessly. And I will be honest with you, I don't really like them. I think they are hard to understand. But I'm going to give them to you. Intentionally is defined in this business as this: A person acts intentionally with respect to a result or to conduct prescribed or described by a statute defining an offense when his purpose is to cause that result or to engage in that conduct. I prefer to say that intentionally means to act with a purpose. But I feel like I ought to read that to you.
 "Recklessly is defined as this: A person acts recklessly when he is aware or consciously disregards a substantial and unjustifiable risk that the results, death in this case, will occur. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the same situation.
 "I would suggest that you might ask yourself these questions, now, in conclusion, in trying to address the issue in this case. First, is Ms. Myrtie Bell Black dead. If she's dead — and I don't mean to sound frivolous, but that has to be an assessment that you make — that if she's deceased, was Grover Lewis Biddie the agent of her death. Did his conduct lead to the lady's death. If she did die as a result of his acts, were his acts intentional, or done with the purpose of taking her life. If you are not satisfied beyond a reasonable doubt, or to a moral certainty that his acts were intentional or purposeful, although you might find he was the actor, then consider this, whether or not his acts were of a reckless nature as previously defined, and attended with circumstances denoting an extreme indifference to human life. If you are convinced that his acts were intentional to take life, or in the alternative that his acts were reckless attended with the circumstances we have discussed, denoting an extreme indifference to human life, then in either event you must convict. On the other hand, if you are not satisfied, even though you find that he might have been the agent of her death, if you are not satisfied either that his acts were intentional, or that his acts were of a reckless nature as defined, then you could not convict him." (R. 415-19.)
The jury found the appellant "guilty of murder" and he was sentenced to life imprisonment without parole as a habitual felony offender.
 I
In Ex parte Washington, 448 So.2d 404 (Ala. 1984), the Alabama Supreme Court condemned the giving of an oral instruction as "reckless murder" in a case in which the indictment only alleges "intentional murder." In Washington, supra, the defendant was indicted in a one-count indictment on the charge of "intentional murder." During the trial court's oral charge, the judge[1] defined the term "recklessness" *Page 841 
for the jury and instructed them that they could find the defendant guilty of murder if they concluded he acted "recklessly."
The Alabama Supreme Court in its opinion inWashington, supra, held that an oral charge on "reckless" or "universal malice murder" constitutes a fatal variance with an indictment which only charges "intentional murder." Such a variance amounts to reversible error because a "[d]efendant has a constitutional right to be informed of the charges against him" as guaranteed by the United States[2] and Alabama[3]
Constitutions. Washington, supra, at 408.
Since the announcement of the decision inWashington, supra, this court has consistently followed the principles set out in Washington, supra, and has reversed convictions on the authority of that case. See Dawson v. State,449 So.2d 800 (Ala.Cr.App. 1984); Hughley v. State,451 So.2d 439 (Ala.Cr.App. 1984); Ponder v. State, 451 So.2d 1382
(Ala.Cr.App. 1984); Bell v. State, 455 So.2d 1022 (Ala.Cr.App. 1984). Thus, in light of the above authorities, it is clear that the court's oral charge in the case at bar was reversible error.
In Marsh v. State, 461 So.2d 51 (Ala.Cr.App. 1984), this court declared that the rule of law set out in Washington, supra, was to be applied retroactively. Therefore, Washington, supra, applies to this case even though the trial of this case took place prior to the Supreme Court's decision in Washington, supra.
However, the question this court must decide is whether we can pass on the error involved in this case at all since defense counsel failed to object to the court's oral charge on "reckless murder" and has not raised this issue on this appeal. The lack of an objection to the court's oral charge seems to preclude our review of this issue according to our holding inGeter v. State, 468 So.2d 197 (Ala.Cr.App. 1985).
In Geter, supra, the trial court instructed the jury on "universal malice murder" even though the indictment contained only the offense of "intentional murder." Although this court acknowledged the trial judge's charge in Geter, supra, constituted reversible error under Washington, supra, and thatWashington, supra, was to be applied retroactively, we held that this error was not preserved for our review because defense counsel had not objected to the court's oral charge on "universal malice murder."
The decision in Geter, supra, is primarily based on Rule 14, A.Temp.R.Crim.P., which states in pertinent part:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
However, our opinion in Geter, supra, failed to address Rule 45B, A.R.A.P., which seems to allow this court, under certain circumstances to reach an error in the trial court's instructions to the jury despite the lack of a proper objection by defense counsel to such improper instructions.
Prior to June 20, 1983, Rule 45B provided: "In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals shall consider only questions or issues presented in briefs on appeal."
In Ex parte Hoppins, 451 So.2d 365 (Ala. 1983), the Alabama Supreme Court clarified Rule 45B and declared that:
 "In approving Rule 45B, this court did not intend to restrict the authority of the Court of Criminal Appeals to consider obvious errors, but we instead intended to say that that court was no longer obligated to search the record. Any language in rule 45B indicating otherwise is *Page 842 
contrary to the intended effect of that provision."
Hoppins, supra, at 365. Rule 45B was then amended June 20, 1983 to agree with the Supreme Court's holding in Hoppins, supra. Commentary to Rule 45B, A.R.A.P.
The rule now reads: "In those criminal cases in which the death penalty has not been imposed, the Court of Criminal Appeals shall not be obligated to consider questions or issues not presented in briefs on appeal."
Thus, while this court is "under no obligation in a non-capital case to consider questions or issues not presented in brief on appeal," we "may still consider obvious errors not argued." Ex parte Scott, 460 So.2d 1371 (Ala. 1984).
While we can find no instances where this court has noticed obvious error under Rule 45B, we must look to other sources in order to determine how to interpret Rule 45B in light of Rule 14. The Federal Rules of Criminal Procedure provide us with guidelines in this area.
Rule 52(b), Fed. Rules Cr.Proc. states that: "Plain errors or defects affecting substantial rights[4] may be noticed although they were not brought to the attention of the court." (Footnote added.) Thus, the federal courts have a rule similar to Alabama's rule which allows a court to notice an error which has not been preserved for review.
The federal courts also have a rule similar to Alabama's rule which provides that a party must object to errors in the court's oral charge in order to preserve those errors for review. Rule 30, Fed. Rules Cr.Proc. states in relevant part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."
Although Rule 30 and Rule 52(b) seem to contradict one another, the federal cases, which have analyzed these two rules, explain and resolve this apparent contradiction. "The rule requiring an objection at trial to any error in the jury instructions must be read in conjunction with the rule permitting an appellate court to notice 'plain error' in the absence of an objection." United States v. McClain,440 F.2d 241, 245 (D.C. Cir. 1971). (Footnote omitted.)
 "Criminal Rule 30 by its terms precludes a party
from assigning as error the giving of an instruction to which he had not objected on the trial. Rule 52(b), appearing under the caption 'General Provisions,' is not directed to the party, but is a grant of authority to the court itself. These rules are not conflicting. Rather, they complement each other. Rule 52(b) was doubtless designed to take care of unusual or extraordinary situations where, to prevent a miscarriage of justice or to preserve the integrity of judicial proceedings, the courts are broadly empowered to notice error of their own motion. The Rule is in the nature of an anchor to windward. It is a species of safety provision the precise scope of which was left undefined. Its application to any given situation must in the final analysis be left to the good sense and experience of the judges."
Herzog v. United States, 235 F.2d 664, 666 (9th Cir. 1956). (Footnote omitted.)
 "Thus the general rule is that a defendant cannot raise an objection on appeal for the first time if he has failed to object specifically to a charge or failed to request a charge omitted by the trial court. But in criminal cases federal appellate courts have sometimes noticed errors to which no proper objection has been taken 'if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.' "
United States v. O'Connor, 237 F.2d 466, 472 (2nd Cir. 1956). (Footnotes omitted.)
 "The plain error doctrine of Federal Rule Criminal Procedure 52(b) tempers *Page 843 
the blow of a rigid application of the contemporaneous objection requirement. The Rule authorizes the Courts of Appeals to correct only 'particularly egregious errors,' United States v. Frady, 456 U.S. 152, 163, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982), those errors that 'seriously affect the fairness, integrity or public reputation of judicial proceedings,' United States v. Atkinson, 297 U.S. [157] at 160, 56 S.Ct. [391] at 392 [80 L.Ed. 555 (1936)]."
United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 1046-47,84 L.Ed.2d 1 (1985). (Footnote omitted.)
The federal court's analysis of Rule 52(b) and Rule 30 can be used by this court in our interpretation of Rule 14, A.R.Crim.P. Temp. and Rule 45B, A.R.A.P.
Thus, under Rule 45B, this court has the authority to notice "obvious errors" in a trial court's instructions even though Rule 14 forbids a party from complaining of error in those instructions absent an objection to the instructions at trial.
"Obvious error" and "plain error" appear to be different terms connotating the same meaning. Plain error is an error which is obvious and which seriously affects the fairness, integrity and public reputation of judicial proceedings.United States v. Bi-Co Pavers, Inc., 741 F.2d 730, 735 (5th Cir. 1984); United States v. Musquiz, 445 F.2d 963, 966 (5th Cir. 1971); United States v. Taylor, 530 F.2d 49, 51 (5th Cir. 1976); United States v. Meester, 762 F.2d 867, 880 (11th Cir. 1985); United States v. Socony-Vacuum Oil Co., Inc.,310 U.S. 150, 239, 60 S.Ct. 811, 851, 84 L.Ed. 1129 (1940); UnitedStates v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392,80 L.Ed. 555 (1936).
In deciding whether an error is "plain" or "obvious," it should be noted that errors of constitutional dimension will be noticed more freely than errors which are less serious.United States v. Brown, 555 F.2d 407, 420 (5th Cir. 1977);United States v. Tobias, 662 F.2d 381, 388 (5th Cir. 1981);United States v. Smith, 700 F.2d 627, 633 (11th Cir. 1983).
However, the fact that constitutional errors will be reviewed more readily does not mean that a reversal of every constitutional error is automatically required. ". . . [T]here may be some constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may . . . be deemed harmless. . . ." Chapman v. California,386 U.S. 18, 22, 87 S.Ct. 824, 827, 17 L.Ed.2d 705 (1967). However, the Supreme Court's opinion in Chapman, supra, seems to indicate that there are some constitutional rights which are so basic that their violation can never be harmless. Bearden v.United States, 403 F.2d 782, 787 (5th Cir. 1968).
Nevertheless, the plain error doctrine should be applied cautiously and invoked only when it is necessary to prevent a grave miscarriage of justice. United States v. Berry,627 F.2d 193, 199 (9th Cir. 1980); United States v. McCaskill,676 F.2d 995, 1001-02 (4th Cir. 1982); Young, supra, 105 S.Ct. at 1047.
To constitute a reversal under the plain error doctrine, an error must be found "to undermine the fundamental fairness of the trial." Young, supra, 105 S.Ct. at 1047. Thus, the error, to cause a reversal, must have "seriously affected 'substantial rights' " of the accused and have "had an unfair prejudicial impact on the jury's deliberations." Young, supra,105 S.Ct. at 1047, n. 14.
In the case at bar, there is no doubt that the error in the court's oral charge was of constitutional magnitude and that it seriously affected the substantial rights of this appellant.
"A defendant is constitutionally entitled to be informed of the nature and the cause of the accusation against him."Washington, supra, at 407. This right "is not a technical right, but is fundamental and essential to the guaranty that no person shall be deprived of his liberty except by due process of law." Nelson v. State, 50 Ala. App. 285, 278 So.2d 734,735-36 (1973); Morrow v. State, 23 Ala. App. 452, 126 So. 887,888 (1930). "Due process requires that a person be tried and convicted only *Page 844 
for specific offenses with which he is charged." United Statesv. Jackson, 627 F.2d 1198, 1212 (D.C. Cir. 1980). An accused must only answer the particular charge or charges as alleged in the indictment against him. Wilbourn v. State, 452 So.2d 915,916 (Ala.Cr.App. 1984).
"[A] conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." Jackson v.Virginia, 443 U.S. 307, 314, 99 S.Ct. 2781, 2786,61 L.Ed.2d 560 (1979). "No principle of procedural due process is more clearly established than that notice of the specific charge and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the rights of every accused in a criminal proceeding in all courts, state or federal." Nelson,50 Ala. App. at 588, 278 So.2d 734 (quoting Cole v. Arkansas,333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948)). Thus, a violation of the due process clause constitutes plain error. Tobias, supra, at 388.
In the case at bar, the trial judge instructed the jury on the offense of "reckless murder," an offense which was not contained in the indictment against this appellant. Thus, this variance between the indictment and the court's oral charge deprived the appellant of his basic constitutional right to be informed of the charges against him. The error in the court's charge seriously affected the appellant's fundamental and substantial right to notice of the accusations against him. This appellant was denied due process of the law.Jackson, supra, at 1212; Stirone v. United States,361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960).
Furthermore, it is apparent to this court that the court's oral charge had an "unfair prejudicial impact on the jury's deliberations." In Marsh, supra, we stated that "the rule of law set out in Washington, supra, raises serious questions about the accuracy of guilty verdicts in past trials in which a 'reckless murder' instruction has been given even though the defendant was only charged with 'intentional murder.' " Marsh, supra, at 53.
Here, it cannot be said that the court's instruction on "reckless murder" did not contribute to the appellant's conviction. "If a defendant is only charged with 'intentional murder,' but the trial judge also charges the jury on 'reckless murder,' there is a distinct possibility that the jury could find the defendant guilty of 'reckless murder' rather than 'intentional murder.' "
"There is a serious risk that a defendant, in this situation, could be convicted of an offense for which he was not charged and of which he had no opportunity to defend himself."Marsh, supra, at 53.
A court cannot permit a defendant to be tried and convicted on charges not contained in the indictment against him.Stirone, supra, 80 S.Ct. at 273. See also Ex parte Clements,370 So.2d 723, 728 (Ala. 1979), overruled on other grounds,Beck v. State, 396 So.2d 645 (Ala. 1980) (citing Stirone, supra).
The court's charge on "reckless murder" allowed the jury in this case to convict the appellant of an offense for which he was not charged. This charge clearly undermined the fundamental fairness of the appellant's trial and, thus, resulted in a miscarriage of justice.
While a particular instruction must be viewed in the context of the court's entire oral charge, there are some instructions which cannot be cured by other portions of the oral charge and, thus, constitute plain error by themselves. Cupp v. Naughten,414 U.S. 141, 146-47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973);Brown, supra, at 417; United States v. Polowichak,783 F.2d 410, 416 (4th Cir. 1986). The court's oral charge here is such an example.
The federal courts have held that erroneous instructions which constitute plain error are cause for reversal despite the absence of an objection to the instructions. United States v.Bagby, 451 F.2d 920, 927 (9th Cir. 1971), and cases cited therein.
A trial court's charge to the jury which allows them to convict the accused of an offense not alleged in the indictment is unconstitutional and constitutes plain error. *Page 845 Government of Virgin Islands v. Joseph, 765 F.2d 394 (3rd Cir. 1985); Plunkett v. Estelle, 709 F.2d 1004 (5th Cir. 1983);United States v. Jones, 647 F.2d 696 (6th Cir. 1981).
Although Alabama courts have not specifically held that a trial court's instruction on an offense not charged in the indictment constitutes plain or obvious error, there is authority which indicates such a result. See Nelson, supra;Davidson v. State, 351 So.2d 683, 685 (Ala.Cr.App. 1977).
As we stated earlier, the matter of obvious error was not even addressed in Geter, supra. Our holding in Geter, supra, needs to be reexamined in several respects.
First of all, the opinion in Geter, supra, states that "[t]he analysis used by our Supreme Court in Washington commands [our] determination" that Geter failed to preserve for view the issue of the court's erroneous instructions to the jury. Geter, supra, at 199. This reasoning was based on the fact that the Supreme Court in Washington, supra, "began its analysis with the preservation issue prior to determining that the universal malice charge cannot be given when the indictment only charges intentional murder." Geter, supra, at 199.
However, upon further reflection, it seems likely that the Supreme Court placed so much emphasis on the preservation issue in Washington, supra, because this court held in Washington v.State, 448 So.2d 398 (Ala.Cr.App. 1983), that the alleged error was not preserved for review due to the lack of a properobjection by defense counsel.
Secondly, the decision in Geter, supra, states that the trial court's oral charge on reckless murder was in compliance with the law in effect at the time of Geter's trial, and, thus, was proper. If such were the case, why would defense counsel object to a proper charge?
Furthermore, Rule 14, A.Temp.R.Crim.P. only requires that a party object to "the giving of an erroneous misleading, incomplete, or otherwise improper oral charge" to preserve error. Rule 14 would not apply to a proper charge.
However, the court's oral charge on reckless murder inGeter, supra, was not proper at the time it was given. An instruction on "reckless murder" when the indictment only alleges "intentional murder" was as improper at the time of Geter's and this appellant's trial as it is now. If such were not the case we would not have found it necessary to applyWashington, supra, retroactively. Thus, our holding in Geter, supra, does not restrict our review of the error shown in this case.
It shows a lack of basic fairness for this court to grant Washington and others a new trial based on the error before us and deny this appellant a new trial merely because his trial counsel failed to object to the error in the court's instruction as quoted herein.
To deny this appellant a new trial would certainly result in a grave miscarriage of justice.
The constitutional right of every defendant to notice of the charges against him must be zealously guarded. We can not allow this right to be abrogated by a rule of procedure. "When rules of state practice and procedure conflict with the due process clause of the Fourteenth Amendment to the United States Constitution, they must yield to that amendment." Nelson, 278 So.2d at 737.
Thus, we notice this obvious error in the court's instruction to the jury, and reverse and remand this cause to the trial court for a new trial.
FOOTNOTE CORRECTED; OPINION MODIFIED; APPLICATION OVERRULED; REVERSED AND REMANDED.
All the Judges concur.
[1] The trial judge in the instant cause was apparently relying upon Marsh v. State, 418 So.2d 191 (Ala.Cr.App. 1982), which was "settled law" at the time of the instant trial. Marsh
supra, was effectively overruled by Washington, supra.
[2] United States Constitution, Amend. VI.
[3] Alabama Constitution, Art. I § 6.
[4] An obvious error in Alabama must also be an error affecting substantial rights because, according to Rule 45, A.R.A.P., an error is harmless unless it "has probably injuriously affected substantial rights of the parties." *Page 846