**James Floyd SMELCHER,
Petitioner–Appellant,**

v.

**ATTORNEY GENERAL OF ALABAMA;
John E. Nagle, Respondents–
Appellees.**

No. 89–7915.

United States Court of Appeals,
Eleventh Circuit.

Dec. 2, 1991.

Gerald L. Miller, Birmingham, Ala., for petitioner-appellant.

Robin Denise Blevins, Asst. Atty. Gen., for the State of Ala., Montgomery, Ala., for respondents-appellees.

Before FAY and BIRCH, Circuit Judges, and HOFFMAN *, Senior District Judge.

WALTER E. HOFFMAN, Senior District Judge:

In this case, James Floyd Smelcher, an Alabama state prison inmate convicted of first degree rape, appeals the denial of his petition for writ of habeas corpus. Because we find that Smelcher has been improperly denied an evidentiary hearing on his claim of ineffective assistance of counsel, we reverse this case for a hearing on this issue.

## FACTS

On June 1, 1986, James Floyd Smelcher, the appellant in this matter, picked the victim up from her house, allegedly so they could visit a mutual friend. The two drove to Smelcher's one-room apartment, and upon entering, sat on Smelcher's bed. Smelcher next allegedly began kissing the victim and removing her clothes in a forceful manner. The victim testified that she told him to stop and pushed him away. Smelcher reacted by making a fist while continuing to pull at her clothing. The victim also testified that in an attempt to create an avenue of escape, she offered to remove her clothes herself. Smelcher, however, blocked the door, threw her on the bed, and pulled her skirt off. He then allegedly forced the victim to have intercourse with him three times. The victim contends that she was crying and struggling during the entire episode.

Smelcher, however, argues that the intercourse was consensual and that he has newly discovered evidence to support this claim. Furthermore, he alleges that sexual

* Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation.

relations existed between himself and the victim in the past and argues that she never attempted to scream, even though the windows were open and the next house was only yards away.

Smelcher's neighbor, Curtis Davis, apparently saw Smelcher and the victim leave the apartment together on the evening in question. He testified that they came out of the apartment together, walking side by side. He further stated that the victim was not crying and that each got into Smelcher's van on their own side. Smelcher drove the victim to her house and dropped her off. Smelcher testified that prior to dropping her off, the victim told him that she was worried about her mother being mad because she was late.

When the victim exited the van, she ran into her house crying and told her mother that Smelcher had raped her. Her mother took her to the emergency room of the hospital, and a doctor examined her thoroughly. He found no evidence of bruises or forced entry, but did find semen in her vaginal vault. Testifying at trial, each of the state's expert witnesses linked Smelcher to the rape. When Smelcher himself testified, he admitted the two had sexual intercourse, but contended that the victim had voluntarily consented and no force was involved.

Smelcher was tried in state court on charges of first degree rape and first degree sodomy. He was found guilty of the first degree rape charge and acquitted of the sodomy charge. Because he was a habitual offender, Smelcher was sentenced to 120 years in the state penitentiary.

Smelcher appealed his conviction to the Alabama Court of Criminal Appeals. The court affirmed the conviction in a written opinion. *See Smelcher v. State,* 520 So.2d 229 (Ala.Crim.App.1987). A petition for rehearing was later denied, as was a petition for writ of certiorari to the Alabama Supreme Court.

In April of 1988, Smelcher, at this time proceeding *pro se,* filed a habeas corpus petition in the Calhoun County Circuit Court. This petition raised the issues of ineffective assistance of counsel and newly discovered evidence. He alleged that the state court trial counsel had been ineffective because he failed to object to the trial court's granting of a motion *in limine* prohibiting the defense from offering evidence of the victim's past sexual conduct. The petition also claimed that Smelcher had discovered new evidence in the form of a letter written by his sister-in-law. The letter demonstrated, according to Smelcher, an attempt to hire the victim to frame Smelcher on a charge of rape. The trial court denied the petition without an evidentiary hearing.

On appeal, Smelcher argued that his petition should not have been denied without an evidentiary hearing. The State asserted that he had not met his burden of proving ineffective assistance of counsel and the Court of Criminal Appeals agreed, affirming without an opinion on October 11, 1988. Once again, despite the existence of new evidence, no evidentiary hearing was held.

In June of 1989, Smelcher filed his federal habeas petition, arguing similar issues to those raised in his original petition. The magistrate issued a report and recommendation addressing all of the appellant's claims and suggesting that the petition be dismissed. Appellant filed objections to the magistrate's findings, continuing to argue that ineffective assistance of counsel caused the procedural default on his motion *in limine* claim. Furthermore, Smelcher, still proceeding *pro se,* argued that at his state trial his attorney "knew of his client's and [the victim's] past sexual relationship, ... [and] had previously advised his client that it was his intention to use the past sexual relationship as his defense." Finally, in these same objections to the magistrate's report and recommendation, Smelcher argued that "two witnesses have knowledge of past sexual relations between the appellant and [the victim]." Immediately following this allegation, Smelcher lists the names of two neighbors who he claims can support this assertion if he is granted an evidentiary hearing.

After considering the magistrate's findings *de novo* and without the assistance of an evidentiary hearing, the district court

judge approved the recommendation of the magistrate and dismissed the petition.

## DISCUSSION

Smelcher raises three issues on appeal. First, appellant argues that the trial court improperly denied a jury charge which would have informed the jury of the lesser included offense of sexual misconduct. Second, appellant argues that the trial judge incorrectly directed a verdict in the jury charge. Finally, appellant argues that he was entitled to an evidentiary hearing on the issue of ineffective assistance of counsel. We address each of these arguments in turn.

### A. *Denial of Sexual Misconduct Jury Charge*

■ To preserve error for consideration on appeal, Alabama law requires a timely objection stating specific grounds for the alleged harm. *Hutchinson v. State*, 516 So.2d 889 (Ala.Crim.App.1987). The appellant neglected to preserve any type of objection to the state trial court's refusal to give a jury instruction on sexual misconduct. Consequently, the alleged error is procedurally barred unless the appellant can prove cause for the default and actual prejudice resulting from it. *Wainwright v.*

*Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

■ Appellant contends that ineffective assistance of counsel caused this default to occur. While it is true that ineffective assistance of counsel may be the cause for a default, *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986), it first must satisfy a two-part test: "[f]irst, the defendant must show that the counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the instant case, Smelcher cannot survive the second prong of the *Strickland* test; he cannot show that but for the absence of the sexual misconduct jury charge, the result of his trial would have been different.[1] Viewing the totality of the evidence before the jury in this case, we conclude that the appellant cannot show with reasonable probability that, absent the alleged error, the jury would have reached a different decision. We hold, therefore, that no harm warranting reversal accrued from the denial of the sexual misconduct jury charge.[2]

### B. *Jury Instructions*

Appellant next asserts that the trial court's jury instructions were improper.

---

[1]. The Court in *Strickland* articulated the prejudice requirement as follows:

> The defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

[2]. In the present case the magistrate, relying on the case of *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), ruled that "except in death penalty cases a defendant in a criminal trial has no federal constitutional right to a jury charge on a lesser included offense." Adopting the magistrate's recommendations, the district court affirmed the denial of the sexual misconduct charge.

It is important to note, however, that the *Beck* Court reserved decisions on the issue of charging juries of lesser included offenses in noncapital cases, stating "[w]e need and do not decide whether the Due Process Clause would require

the giving of [lesser included offense] instructions in a noncapital case." *Id.* at 638 n. 14, 100 S.Ct. at 2390 n. 14. Accordingly, the Supreme Court, although recognizing that all state courts addressing this issue grant the lesser included charge where the evidence warrants it, *id.* at 635–36, 100 S.Ct. at 2388–89, failed to completely resolve the problem.

In the case of *Ex parte Cordar*, 538 So.2d 1246 (Ala.1988), the Alabama Supreme Court ruled that a defendant charged with rape is entitled to a jury charge of the lesser included offense of sexual misconduct where the evidence shows that the victim did not scream for help and no external bruises exist on the victim's body or pelvic area. Under Alabama law, in other words, the lack of evidence of physical force in an alleged rape requires the trial judge to give the jury charge of the lesser included offense of sexual misconduct. *See Ala.Code* § 13A–6–61 (1975). Nevertheless, in this case, appellant has failed to demonstrate with a reasonable probability that such an instruction would have caused the jury to reach a different decision.

Specifically, Smelcher takes issue with an instruction in which the judge told the jury that since intercourse had already been admitted, the only issue to be decided was whether it was by forcible compulsion. This charge, Smelcher argues, denied him of his constitutional right to a trial by jury and due process of law because, in effect, it directed a verdict against him in this criminal trial.

■ It is beyond dispute that a judge may not direct a verdict of guilty in a criminal jury trial. *Rose v. Clark*, 478 U.S. 570, 578, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986). This is not to say, however, that a judge may not attempt to focus a jury's attention on the facts in a case which remain unresolved. Alabama law, for example, holds that a trial court judge has inherent power to direct the attention of the jury to undisputed evidence. *Jones v. State*, 488 So.2d 48 (Ala.Crim.App.1986).

■ In the instant case, the record reflects that Smelcher admitted to the intercourse during his own testimony. His defense was consent. The evidence of intercourse, therefore, was undisputed. It was in no way improper for the judge to focus the jury's attention on the portion of the crime which they were to resolve. Accordingly, there was no constitutional violation here.[3]

### C. *Denial of Evidentiary Hearing on Ineffective Assistance*

The appellant asserts that the district court erred in finding, without holding an evidentiary hearing, that trial counsel was not ineffective. This issue was not raised on direct appeal to the magistrate, but was raised in the state petition for post-conviction relief and in appellant's objections to the magistrate's report and recommendations.

■ Prior to the beginning of the state court trial, the trial judge granted a motion *in limine* prohibiting the defense counsel from introducing evidence concerning any prior sexual activity of the victim.[4] Nevertheless, the wording of the Alabama Rape Shield statute expressly allows for the admission of evidence indicating prior sexual activity between a defendant and the victim.[5] In addition to ignoring the statute's

3. Furthermore, following the objection by counsel for Smelcher, the judge issued a curative instruction which certainly clarified any ambiguity caused by the initial instruction.

4. Prior to trial the following exchange occurred:
THE COURT: All right. Is there anything else to take up at this time?
MR. MORGAN: Yes, sir. Judge, we have a motion in limine that we filed also, requesting that no mention be made as to the range of sentencing if the defendant is found guilty at any time during trial including voir dire questioning, and also a motion that no mention or question be made into any prior sexual activity of the victim as it would not be applicable to the charges here.
THE COURT: Mr. Broome, I'll direct you not to inquire into the prior sexual activity of the victim in this case. I'll also ask you not to refer to the length of sentence that may be imposed. That, of course, is a matter for the Court to determine. At this point it hasn't been, so any reference to it would be improper, so I will instruct you not to refer to any specific length of time.
MR. BROOME: Judge, I have one further thing. Judge, I have had several conferences in the county jail and district court at the preliminary hearing with Mr. Smelcher. Based upon my eight years of trial experience and other factors that I know of this

case, I have advised Mr. Smelcher that it would be in his best interest not to testify on his behalf in this case. Mr. Smelcher has advised me that he wants...."

5. The Alabama Rape Shield statute reads:
(c) In any prosecution for criminal sexual conduct, *evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court,* following the procedure described in subsection (d) of this section, *finds that such past sexual behavior directly involved the participation of the accused.*
(d) The procedure for introducing evidence, as described in subsection (c) of this section, shall be as follows:
(1) At the time the defense shall seek to introduce evidence which would be covered by subsection (c) of this section, the defense shall notify the court of such intent, whereupon the court shall conduct an in camera hearing to examine into the defendant's offer of proof. All in camera proceedings shall be included in their entirety in the transcript and record of the trial and case;
(2) At the conclusion of the hearing, if the court finds that any of the evidence introduced at the hearing is admissible under subsection (b) of this section, the court shall be [sic] order state what evidence may be

procedure for excluding evidence, the state trial judge failed to even allow argument on the motion. Unfortunately, neither Alabama law nor federal law allows the court to address directly the state court's misapplication of the statute.

The Alabama case *State of Alabama v. Biddie*, 516 So.2d 846 (Ala.1987), outlines the Alabama Supreme Court's view on plain or obvious error on the trial court level. In that case the defendant was convicted of murder. The defendant was indicted on "intentional murder," but the trial court gave an oral instruction on "reckless murder." Prior to this case, the Alabama Supreme Court had found such an instruction to be reversible error. Nevertheless, defendant's counsel at trial failed to object.

The Alabama Court of Criminal Appeals reversed the conviction because the trial court's error was obvious. *See Biddie v. State*, 516 So.2d 837 (Ala.Crim.App.1986). The court, relying primarily on a comparison to Fed.R.Crim.P. 52(b),[6] found that it could ignore the failure to object to the instruction because this case involved plain or obvious error.

The Alabama Supreme Court rejected any such extension of the plain error analysis. The court stated that "[a]bsent an objection to an alleged error and a ruling by the trial court, there is nothing for this court to review." *Biddie, supra.*[7] The court then stated the rule that the "plain error doctrine applies only to death cases." *Id.* Accordingly, the court refused to consider the merits of defendant's claim.

■ Even if Alabama allowed review on the grounds of plain error, the law is un-

clear whether a federal court on a writ of habeas corpus can apply this standard. In *Cook v. Bordenkircher*, 602 F.2d 117, 119 (6th Cir.), *cert. denied*, 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979), the Sixth Circuit, ruling on a writ of habeas corpus, ignored a failure to object to the prosecutor's final argument because "the alleged error [was] plainly evident on the record." The court expressly refused to apply the *Wainwright* cause and prejudice standard. Six years later, however, the court reversed itself and held that "the plain error standard may be used only on direct appeal and not on collateral attack." *Gilbert v. Parke*, 763 F.2d 821, 825 (6th Cir.1985).[8]

Because this court cannot directly address the state court's error, we must consider appellant's ineffective assistance of counsel claim. Smelcher's trial counsel failed to object to the granting of the motion *in limine*. As a result of this failure, appellant is procedurally barred from raising these claims on appeal. The Supreme Court, in the *Wainwright* case, held that a federal habeas prisoner who has failed to fulfill a state's contemporaneous objection rule must show cause for the procedural default and prejudice which accrues from the error in order to obtain review of his defaulted claim. *Wainwright*, 433 U.S. at 87, 97 S.Ct. at 2506. As far as cause is concerned, it has been established that constitutionally ineffective assistance of counsel may be cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Thus, if ineffective assistance of counsel is proven, the cause prong of *Wainwright* will be satisfied.

introduced by the defense at the trial of the case and in what manner the evidence may be introduced; and
(3) The defense may then introduce evidence pursuant to the order of the court.
*Ala.Code* § 12–21–203 (1977) (emphasis added).

**6.** Rule 52(b) states, "that plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

**7.** The rule that "[r]eview on appeal is limited to review of any questions properly and timely

raised at trial," is often repeated by the Alabama courts. *See, e.g., Dixon v. State*, 476 So.2d 1236, 1239 (Ala.Crim.App.1985); *Hill v. State*, 571 So.2d 1297, 1298–99 (Ala.Crim.App.1990).

**8.** The *Gilbert* court relied on the United States Supreme Court's opinion in *United States v. Frady*, 456 U.S. 152, 165–66, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982), which held that a federal court could not use plain error analysis to review a federal prisoner's § 2255 habeas petition.

As outlined earlier, the two-pronged *Strickland* test for ineffective assistance of counsel requires, first, that the appellant show counsel's performance was deficient, and second, that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Smelcher argues that his trial counsel was ineffective because even though his trial counsel knew of past sexual relations between Smelcher and the victim and planned to use this to support a defense of consent, he failed to make an objection to the motion *in limine* or an offer of proof as allowed by Alabama Code § 12–21–203(d) when the court ruled that no evidence relating to the victim's prior sexual history could be introduced.

 In addition to these allegations, Smelcher states that he has two witnesses who can testify that they have knowledge of the alleged past sexual relations. While the state spends much of their argument trying to persuade the court that Smelcher has never produced any concrete evidence of past sexual relations, we must accept as true factual assertions made by appellant for purposes of determining whether an evidentiary hearing is required. *Futch v. Dugger*, 874 F.2d 1483, 1483 (11th Cir. 1989). Smelcher's initial writ for habeas relief alleges that "the trial court ... barred the defendant's trial counsel the opportunity to make an *in camera* showing of the relevance of his evidence relating to the past sexual behavior of the complaining witness with the defendant...." Furthermore, in his objections to the magistrate's findings, Smelcher raised his allegation that he could present two witnesses who could verify prior sexual relations between himself and the victim.

 Because Smelcher filed his petition for relief *pro se*, he is entitled to have his petition construed liberally. *Bentley v. United States*, 701 F.2d 897 (11th Cir.1983).

Assuming the above facts are true, as we must, the facts are sufficient for the court to conclude that counsel was ineffective for not objecting to the trial judge's ruling prohibiting mention of the victim's past sexual conduct.

The second prong of both the *Strickland* and *Wainwright* analyses require the appellant to show prejudice. This issue poses little difficulty. Smelcher was accused of raping a woman whom he claimed had consented to intercourse. Obviously, any evidence of past sexual conduct between the two parties would have been very important to the jury in ruling on the issue of consent.[9]

As this court has recently stated in the case of *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir.1990), "if there has been no evidentiary hearing in state court on an issue raised on habeas corpus, one is required if the appellant alleges facts which, if true, would entitle him to relief." Because appellant's allegations, if true, would satisfy the analyses under both *Strickland* and *Sykes*, we remand this case to the district court with directions to hold an evidentiary hearing. The district court should conduct a full hearing on any issues that have not been completely resolved because of an insufficient record. *Clark v. Blackburn*, 619 F.2d 431 (5th Cir.1980).

## CONCLUSION

Based on the inadequate record before this Court, it cannot be concluded that Smelcher's claim of ineffective assistance of counsel is without substance. The district court's denial of Smelcher's petition of writ of habeas corpus is therefore RE-VERSED on this issue and REMANDED for an evidentiary hearing.

REVERSED and REMANDED.

---

**9.** Because Smelcher admitted to having intercourse with the victim, the threshold question here was whether the act was done with forcible compulsion. The fact that the jury came back after a little over an hour and asked the judge whether Smelcher and the victim had had sexual relations in the past demonstrates that this information would have been quite important in determining the issue of force. If the jury had concluded that no force was involved, Smelcher could not have been convicted of rape in the first degree. *See Ala.Code* § 13A–6–61(a)(1) (1975).