SHAW, Justice
(concurring specially).
I concur in the main opinion.
An indictment must specify the conduct sought to be condemned so that the defendant has an opportunity to prepare a defense. Ex parte Washington, 448 So.2d 404, 407 (Ala.1984). A “variance” between the facts alleged in the indictment and the proof produced at trial can occur. However, such a variance is not “fatal” and a conviction will not be overturned as a result of the variance unless that “variance” is “material.” “[T]he actual inquiry ‘is not whether there has been a variance in proof, but whether there has been such a variance as to “affect the substantial rights” of the accused.’” Thompson v. State, 542 So.2d 1286, 1290-91 (Ala.Crim.App.1988) (quoting Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935)). A variance is not material “‘where the allegation and proof substantially correspond, or where the variance was not of a character which could have misled the defendant at the trial.’” Thompson, 542 So.2d at 1290 (quoting Washington & Georgetown R.B. v. Hickey, 166 U.S. 521, 531, 17 S.Ct. 661, 41 L.Ed. 1101 (1897) (emphasis added)).