Curtis Marsh was indicted by a Mobile County Grand Jury in June of 1981 for the murder of Herbert Belt, and was tried and convicted by a jury in August of 1981. The trial court entered a judgment of conviction and sentenced Marsh to 25 years in the penitentiary. Hence this appeal.
During the early morning hours of March 23, 1981, appellant was in a bar, known as Eddie's Place, located on Davis Avenue in *Page 192 
Mobile County and owned by the victim, Herbert Belt. Appellant attempted to go around behind the bar counter and was stopped by Belt who used a gun to put appellant out of the bar. Appellant came back into the bar and Belt put him out again. Appellant once again reentered the bar and went to a table where James Burrell was sitting with his head slumped down on the table, apparently sleeping. Appellant attempted to remove something from Burrell's pocket, when Burrell's brother, Joe Burrell, intervened. A fight ensued between appellant and Joe Burrell, which was broken up by Belt. Appellant again left the bar.
Another witness, Joe Bronik, then got into a fight with Joe Burrell, and Belt broke up this fight. Bronik then hit Burrell over the head with a club or broomstick or chair. At that point, Belt called the police. Before the police arrived, appellant reentered the bar, aimed a pistol and shot Joe Burrell, injuring him. While appellant was backing out the door to the bar, Belt fired at appellant, hitting him twice. Appellant then shot Belt, who died as a result of the gunshot wound.
Appellant urges reversal on the grounds that (1) the trial judge wrongfully refused to recuse himself, (2) the oral charge to the jury was erroneous, and (3) inadmissible evidence was permitted over timely objection.
 I
Appellant alleges that the trial court possessed a personal interest, bias and prejudice in the case, arising by virtue of the court's acquaintance or friendship with the deceased, and evidenced by certain statements prior to the trial attributed to the court. Appellant timely filed a motion to recuse, which was denied. We find no error in denying the motion.
The Alabama Canons of Judicial Ethics, Canon 3, provides standards in pertinent part as follows:
"C. Disqualification:
 "(1) A judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including but not limited to instances where:
 "(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;"
Appellant relies heavily on remarks of the trial court to the effect that "this was a senseless killing" and "twenty years was an appropriate sentence." These remarks were made in an informal conversation in the judge's chambers in a plea bargaining session wherein the State was offering 20 years and appellant's counsel was offering a lesser sentence. In that context, we consider the trial court's remarks to be nothing more than a rejection of the offer made by appellant's counsel in the plea bargaining matter.
Prejudice on the part of a judge should not be presumed.Duncan v. Sherrill, 341 So.2d 946 (Ala. 1977).
There is a presumption that a judge or one sitting in a judicial capacity is qualified and unbiased and one who alleges that a judge is unqualified or biased has a substantial burden to show ground therefor. Schillaci v. State, 347 So.2d 556
(Ala.Cr.App. 1977).
Appellant falls far short of meeting the required burden of proof.
 II
The essential portion of the indictment charged that appellant "did intentionally cause the death of another person, Herbert Belt, by shooting him with a gun, in violation of Section 13A-6-2 of the Code of Alabama." The trial court's oral charge to the jury included the alternative charge of "reckless murder" as provided by § 13A-6-2 (a)(2), Code 1975. Appellant urges that this constitutes a fatal variance with the indictment in that inclusion of the word "intentionally" in the indictment restricts not only the proof but also the jury instructions to the provisions to § 13A-6-2 (a)(1), Code 1975. We do not agree. *Page 193 
Appellant furnished no authority for his theory of variances between the indictment and the jury instructions, and we were unable to locate any such authority.
We find no variance between the indictment and the oral charge. The indictment charged that appellant intentionally killed Herbert Belt in violation of § 13A-6-2, and the oral charge correctly included the alternative provision of §13A-6-2. The trial court was obligated to charge on the entire statute should the proof so warrant, as in the case at bar.
The policy behind the variance rule is that the accused should have sufficient notice to enable him to defend himself at trial on the crime for which he has been indicted. Proof of a different crime or the same crime under a different set of facts deprives him of that notice to which he is constitutionally entitled. House v. State, 380 So.2d 940 (Ala. 1979). Appellant here was charged with intentionally causing the death of another person in violation of § 13A-6-2, Code 1975. Certainly, this clearly gives the appellant sufficient notice of the charge to enable him to defend himself at trial.
 III
Finally, appellant urges reversal on the grounds that testimony was improperly permitted concerning a fight between Joe Bronik and Joe Burrell which occurred outside the presence of appellant. The record reveals, on page 15, that such testimony was elicited from Joe Burrell, without objection by appellant. Consequently, the matter is not reserved for review by this court.
It should be noted that there are strong indications that testimony concerning the Bronik-Burrell fight is clearly within the res gestae and is admissible. The fight between appellant and Joe Burrell apparently provoked Bronik to become involved. A short time thereafter appellant reentered the bar and shot and injured Burrell, prompting Belt to fire his gun at appellant. Appellant, in turn, shot Belt, who died as a result of the gunshot wound. The sequence of events strongly suggests a lack of error in the admission of the testimony.
For the reasons stated, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.