From a denial of appellant's petition for writ of error coram nobis, after an evidentiary hearing on the merits, this appeal follows. For the reasons outlined below, the decision of the trial court is due to be affirmed.
The appellant was indicted by the Shelby County Grand Jury in August of 1982 for the offense of murder. On September 16, 1982, after a trial by jury, a verdict of guilty was returned. On July 19, 1984, the appellant filed a pro se petition for writ of error coram nobis.[1] The petition makes five allegations, one of which claims "ineffective assistance of counsel." No affidavits were attached to the petition, other than an affidavit executed by the petitioner which raises certain additional allegations *Page 555 
in connection with the claim of "ineffective assistance of counsel."[2]
The trial court appointed counsel to represent the appellant and set a date for a hearing on the petition. After initially filing an answer denying "each and every allegation," the State of Alabama filed a "motion to strike." The State's motion alleged that all of the claims (except for the "ineffective assistance of counsel" claim) were previously considered, or should have been considered in the direct appeal of the case. After careful review, the trial court granted the State's motion to strike.
On April 16, 1985, the appellant, along with court-appointed counsel, appeared before the Honorable W.W. Rabren, Circuit Judge, Shelby County, Alabama. Testimony from the Honorable Richard W. Bell, Attorney-at-Law, was taken before Judge Rabren.[3] On May 24, 1985, Judge Rabren entered an order denying the petition for writ of error coram nobis and made the following findings:
 "1. The petitioner was not denied effective assistance of counsel in Case No. CC-82-351.
 "2. The petitioner failed to prove a substantial defense or his innocence.
 "3. The remaining matters in the petition were beyond the scope of consideration provided by a petition for writ of error coram nobis."
It is from this order that the present appeal follows.
At the evidentiary hearing on the petition for writ of error coram nobis, the only person who testified was Attorney Bell, the appellant's counsel at the initial trial of the case.[4]
Attorney Bell testified that he did not subpoena certain records and Bell could not recall whether he filed a "Brady[5]
type" discovery motion. Bell also stated that he did not go to the scene of the alleged murder and did not take any photographs of the scene. However, Attorney Bell stated that he talked with the appellant's wife; the appellant's mother; and two other individuals who were present the night the appellant shot his brother-in-law. According to Attorney Bell, "those were the people who were present [the] evening [the shooting took place]."
According to Attorney Bell, he interviewed the appellant for approximately two and a half hours on the nights of July 4 and July 5. Additionally, he reviewed and discussed the case with the appellant prior to trial. Attorney Bell also testified that he actively participated in the trial of the case, which he described as "very heated". According to Attorney Bell, he had numerous arguments with the State's prosecutor during the trial of the case, and there were numerous discussions of certain points of law.
Attorney Bell recalled that the trial lasted between two and half and three days. Attorney Bell stated that during the trial he cross-examined the State's witnesses, argued certain points of law, and made opening, as well as closing, arguments to the jury. As a part of his trial strategy, Attorney Bell concluded that the greatest possibility of success existed in an effort to prove self-defense. In the alternative, he concluded that he would try to convince the jury that the appellant was merely guilty of a lesser included offense. Attorney Bell stated that the following was considered in his preparation of the case: *Page 556 
 "Mr. Pelmer, as I recall it when he told me, was sitting on the hood of his car outside of a trailer when these two men approached him and started some type of conversation that eventually led to a brawl that took place, and then the killing."
It was established at the hearing that, after the trial of the case, the appellant retained counsel from Birmingham to represent him in the direct appeal of the conviction.
 I
The first issue is stated as follows: "Whether the trial court erred in granting the State's motion to strike paragraphs 2, 3, 4, and 5 of the defendant's petition for writ of error coram nobis?" According to the appellant, the trial court's granting of the motion to dismiss "constituted an abuse of discretion such as to substantially prejudice the rights of said defendant and therefore constitutes reversible error." No cases are cited in support of the argument that the trial court "abused its discretion."
On March 20, 1984, this court, per Judge Taylor, affirmed the appellant's conviction for the offense of murder. Jones v.State, 453 So.2d 1330 (Ala.Cr.App. 1984). The three issues raised by the direct appeal concerned the sufficiency of the appellant's claim of self-defense; the failure of the trial court to charge on certain "lesser included offenses"; and the application of the Habitual Felony Offender Act. These issues were decided adversely to the appellant and the following was stated in connection with the final issue:
 "Even without the prior felony convictions, in this case, where the appellant fired three shots into an unarmed victim, the punishment appears to have been in proportion to the crime." Id., at 1331.
It is apparent that those claims as set out in paragraphs 2, 3, 4 and 5 of the appellant's petition for writ of error coram nobis were issues which either were raised on appeal, and decided adversely to him, or should have been raised in the direct appeal.
As the State notes in its brief, the writ of error coram nobis does not serve as a substitute for an appeal. Additionally, the writ cannot be used as a second review of issues which were previously raised or which could have been considered in the direct appeal. Bass v. State, 417 So.2d 582
(Ala.Cr.App. 1982). Thus, the trial court's granting of the State's motion to dismiss certain allegations was, in all respects, proper.
 II
The second issue raised on appeal concerns the claim of "ineffective assistance of counsel." However, as the State notes in its brief, the appellant was represented by different counsel at the appellate court level. Thus, this issue cannot be raised in a subsequent petition for writ of error coram nobis. Carroll v. State, 462 So.2d 789, 790 (Ala.Cr.App. 1984);Ex parte Ellison, 410 So.2d 130, 132 (Ala. 1982).
However, even assuming that the claim is valid, it is apparent that the appellant has failed to meet the following requirements:
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington, 466 U.S. 668, ___, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
The appellant in this case has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would *Page 557 
have been different." 466 U.S. at ___, 104 S.Ct. at 2068,80 L.Ed.2d at 698.
AFFIRMED.
All the Judges concur.
[1] The appellant is presently serving a sentence of life imprisonment without parole as a result of the murder conviction, but he alleges in his petition that he is "innocent."
[2] In this "affidavit," reference is made to an offer of a plea bargain, allegedly made by the prosecution, of a 15-year sentence in exchange for a waiver of the appellant's right to a jury trial. The affidavit states that "The prosecution was fully aware of the three prior convictions at instant [sic] of making the plea offer which was arbitrary to existing law." It is not clear how this allegation, even if true, would support the appellant's "ineffective assistance of counsel" claim.
[3] Prior to the hearing on the petition, the trial court ruled that, based on the State's motion to dismiss, the only cognizable theory for the petition would be the allegation of "ineffective assistance of counsel."
[4] The appellant did not testify at the evidentiary hearing.
[5] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215
(1963).