McMILLAN, Judge.
The trial court heard evidence pertaining to the appellant’s Rule 20 petition, after which it entered an order holding that trial counsel’s failure to move for a directed verdict of acquittal did not meet the standard of ineffective assistance of counsel.
In Hope v. State, 521 So.2d 1383 (Ala.Cr.App.1988), this Court wrote:
“In order to establish a claim of ineffective assistance of counsel a defendant must prove, first,
“ ‘that counsel’s performance was so deficient as to fall below an objective standard of reasonableness. Counsel’s conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct. Second, petitioner must show that counsel’s deficient performance prejudiced the defense and deprived petitioner of a fair trial. Prejudice is shown when, absent the errors, there is a reasonable probability that the jury would have had a reasonable doubt respecting guilt.’ Ex parte Baldwin, 456 So.2d 129, 134 (Ala.1984), affirmed, 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985), applying the test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A defendant must prove that counsel’s incompetence resulted in prejudice.
“In order to establish ineffective representation, the defendant must prove both incompetence and prejudice. [Strickland v. Washington] 466 U.S., at 688, 104 S.Ct., at 2065. There is a strong presumption that counsel’s performance falls within the “wide range of professional assistance,” id., at 689, 104 S.Ct., at 2065; the defendant bears the burden of proving that counsel’s representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Id., at 688-689, 104 S.Ct. at 2065-2066. The reasonableness of counsel’s performance is to be evaluated from counsel’s perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential. Id., at 689, 104 S.Ct., at 2065. The defendant shows that he was prejudiced by his attorney’s ineffectiveness by demonstrating that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct., at 2068. See also, Id. at 695, 104 S.Ct. at 2069 (Where a defendant challenges his conviction, he must show that there exists “a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilty”). And, in determining the existence vel non of prejudice, the court “must consider the totality of the evidence before the judge or jury.” Ibid., Kimmelman v. Morrison, 477 U.S. 365, 106 S.Ct. 2574, 2586-87, 91 L.Ed.2d 305 (1986).
A defendant must show that counsel’s unprofessional error resulted in injury.
“‘Even assuming, arguendo,, that defendant’s counsel erred and that this error was professionally unreasonable, that would not in and of itself warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment. Strickland, supra, 466 U.S. at 691[, 104 S.Ct. at 2066]. The defendant must affirmatively prove prejudice; that is, he “must show that there is a reasonable probability, that but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, supra, 466 U.S. at 694 [104 S.Ct. at 2068]. “[A] court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the pre *1141 sumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Strickland, supra, 466 U.S. at 689[, 104 S.Ct. at 2065].’ ”
Hope, 521 So.2d 1384-85.
As the trial judge noted in his order, our decision in Northington v. State, 413 So.2d 1169 (Ala.Cr.App.1981), writ quashed, 413 So.2d 1172 (Ala.1982), was in effect at the time of the appellant’s trial. A proper application of Northington would have required the prosecution to proceed on an indictment alleging an intentional killing; thus, a motion for judgment of acquittal as to the offense of reckless murder would have been proper based on a material variance between the indictment and the evidence presented at trial. However, as the trial court correctly noted, Marsh v. State, 418 So.2d 191 (Ala.Cr.App.1982), was also good law at the time of the trial of this cause. Although Marsh was later reversed by Marsh v. State, 461 So.2d 51 (Ala.Cr.App.1984), on the authority of Ex parte Washington, 448 So.2d 404 (Ala.1984), any inquiry into adequacy of counsel must be based on the law in existence at the time of the proceeding. See generally, McKinney v. State, 511 So.2d 220 (Ala.1987); Geter v. State, 468 So.2d 197, 199 (Ala.Cr.App.1985).
In Marsh, this Court held that the trial court’s oral charge to the jury on an alternative charge of reckless murder did not constitute a fatal variance where the appellant was charged with a violation of the intentional murder statute and reckless murder was also prohibited by a subdivision of that same Code section. Thus, the trial court in the present case, being bound by our holding in Marsh, as well as by Northington, was obliged to charge the jury as to the offenses of intentional murder and manslaughter, in addition to reckless murder, because the facts would have supported intentional murder and manslaughter.
The appellant contends that the State proved intentional murder, rather than reckless murder. However, it should be noted that the jury returned a verdict of guilty as to reckless murder only after being charged on both the offenses, intentional murder and reckless murder. Thus, the jury was afforded the option of finding intentional murder.
In the present case, the appellant has failed to show that, but for counsel’s alleged error, the result of his trial would have been different, and has therefore failed to prove ‘prejudice’ as required by Strickland.
For the foregoing reasons, the judgment of the trial court is correct and is due to be affirmed.
AFFIRMED.
All Judges concur, with BOWEN, P.J., concurring in result only, with opinion.