Jerome PELMER, a/k/a Jerry Jones,
Petitioner–Appellant,

v.

J.D. WHITE, Warden, and Don Siegel-
man, the Attorney General of the State
of Alabama, Respondents–Appellees.

No. 86–7875.

United States Court of Appeals,
Eleventh Circuit.

July 24, 1989.

Philip E. Holladay, Jr., King & Spalding, Atlanta, Ga., for petitioner-appellant.

Don Siegelman, Atty. Gen., Jean Williams Brown, Beth J. Hughes, James B. Prude, Asst. Attys. Gen., Montgomery, Ala., for respondents-appellees.

Before HILL and EDMONDSON, Circuit Judges, and ATKINS *, Senior District Judge.

EDMONDSON, Circuit Judge:

Jerome Pelmer a/k/a Jerry Jones shot and killed Billy Ray Norwood during a struggle. Although Pelmer was charged with intentional murder only, the trial judge—without objection—instructed the jury on reckless murder also. On direct appeal the Alabama Court of Criminal Appeals affirmed the conviction holding that the evidence was sufficient to convict, that the trial court did not err by failing to charge on a lesser included offense, and that Pelmer's sentence did not violate the Eighth Amendment. *Jones v. State*, 453 So.2d 1330 (Ala.Crim.App.1984).

Following the direct appeal, Pelmer filed in state court a petition for writ of error coram nobis alleging ineffective assistance of trial counsel, prosecutorial misconduct, insufficient evidence, improper sentencing, and improper jury instructions—including for the first time an attack on the reckless murder charge. The state court denied Pelmer's ineffectiveness claim and struck the other claims as beyond the scope of a petition for writ of error coram nobis. On appeal, the Court of Criminal Appeals of Alabama affirmed holding that all claims either were raised or could have been raised on direct appeal. *Jones v. State*, 484 So.2d 554, 556 (Ala.Crim.App.1985).

Pelmer filed his pro se petition for writ of habeas corpus in federal district court stating three grounds for relief: (1) the evidence was constitutionally insufficient to support his conviction; (2) the trial court failed to charge on a lesser included offense; and (3) Pelmer was denied the effective assistance of counsel. Pelmer amended his petition to allege further facts in support of his ineffectiveness claim. The district court rejected on the merits Pelmer's claims of insufficient evidence and ineffective assistance of trial counsel and applied a procedural bar to Pelmer's claim that a lesser included offense charge should have been given.

Pelmer then filed a pleading entitled "Petitioners[sic]–Objections to Court Judgment" in which he made three arguments: (1) the decision was mistakenly based on an earlier petition which Pelmer had voluntarily dismissed; (2) the trial court's jury instruction on reckless murder was plain constitutional error; and (3) Pelmer's counsel was constitutionally ineffective. Two days later Pelmer filed a notice of appeal from the district court's judgment. We dismissed the appeal for lack of jurisdiction, treating Pelmer's objections as a Rule 59 motion. *See* Fed.R.App.P. 4(a)(4).

Pelmer filed a motion for out-of-time appeal. The district court denied the motion as moot. Pelmer filed a notice of appeal from that judgment and a request for a certificate of probable cause. We granted Pelmer's application for a certificate of probable cause and motion to appeal *in forma pauperis* and remanded for the district court to rule on Pelmer's Rule 59 motion. Pelmer then filed a motion to amend his petition to add an equal protection argument. The district court denied both the Rule 59 motion and the motion to amend.

■ Appeals from two district court orders are now before us: (1) the district court's order denying Pelmer's motion for out-of-time appeal; and (2) the order denying both Pelmer's motion to amend and his Rule 59 motion. Because we treat Pelmer's appeal from the district court's order

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

**1520**

denying his Rule 59 motion as an appeal from the district court's original judgment denying the writ, *see Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Inglese v. Warden, U.S. Penitentiary*, 687 F.2d 362, 363 n. 3 (11th Cir.1982), it is unnecessary to review the district court's denial of Pelmer's motion for out-of-time appeal.[1]

## DISCUSSION

### A. Ineffective Assistance as a Basis for Habeas Relief

■ Pelmer raised his ineffective trial counsel claim for the first time in his state petition for writ of error coram nobis. On Pelmer's appeal of the denial of the state writ, the Alabama Court of Criminal Appeals held that because this issue was not raised on direct appeal, it could not "be raised in a subsequent petition for writ of error coram nobis." 484 So.2d at 556. "A defendant who is procedurally barred from raising a federal constitutional claim in state court is also barred from raising the claim in a federal habeas petition unless he can show cause for and actual prejudice from making the default." *Gates v. Zant*, 863 F.2d 1492, 1500 (11th Cir.1989); *accord Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Pelmer does not attempt to show cause for this default. Instead, he argues that the claim is not barred because the Alabama Court of Criminal Appeals went on to discuss the issue on the merits concluding that Pelmer received effective assistance of counsel.

"A state court is entitled to express its views on federal constitutional issues without waiving its procedural default rules." *Hall v. Wainwright*, 733 F.2d 766, 777 (11th Cir.1984). "[A] procedural default does not bar consideration of a federal claim on ... habeas review unless the last

state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, —— U.S. ——, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Pelmer asserts that the Alabama Court of Criminal Appeals plainly addressed and decided the merits of his ineffective assistance of counsel claim. Before discussing the merits, however, the state appellate court explicitly held that "this issue cannot be raised in a subsequent [that is, following direct appeal] petition for writ of error coram nobis." 484 So.2d at 556. The state appellate court then prefaced its discussion of the merits with the words "even assuming the claim is valid." That the consideration of the merits rests on an assumption made for the sake of discussion shows that the court's earlier ruling on the procedural bar had substance. These statements demonstrate clearly that the state appellate court intended to invoke procedural default as an alternative ground (if not the sole ground) for denying Pelmer relief. We will respect that intent.

### B. Fourteenth Amendment Claims

Pelmer contends that the trial court's reckless murder instruction when Pelmer had been charged only with intentional murder deprived him of due process and that Alabama's application of *Ex parte Washington*, 448 So.2d 404, 408 (Ala.1984) (reckless murder instruction when defendant charged only with intentional murder violates U.S. and Alabama constitutions), only to cases in which the defendant makes a contemporaneous objection, violates equal protection. Neither of these claims was presented in the original petition to the district court. Pelmer did, however, plainly raise the reckless murder/due process issue in a written response to the state's

---

1. Pelmer's appellate briefs raise seven issues: (1) denial of the effective assistance of counsel; (2) violation of equal protection by the selective application of *Ex parte Washington*, 448 So.2d 404 (Ala.1984); (3) violation of due process through the reckless murder instruction; (4) unconstitutional failure to charge on lesser included offense; (5) constitutionally insufficient evidence; (6) knowing use of perjured testimo-

ny; and (7) violation of equal protection through sentencing as a habitual offender. We discuss the first three issues below. The last two issues were not presented to the district court and are not properly before this court. *See Campbell v. Wainwright*, 738 F.2d 1573, 1575–76 (11th Cir.1984). The other issues are without merit.

answer, and this response was filed before judgment. Pelmer also presented the due process claim in what we have treated as a Rule 59 motion. Pelmer attempted to raise the equal protection argument in his last-minute motion to amend.

"Attempts to raise new claims are governed by the rules of amendment, without regard to the characterization given the claims by the petitioner." *Robinson v. Wade*, 686 F.2d 298, 304 n. 11 (5th Cir. 1982). Under Fed.R.Civ.P. 15, a party may amend his pleading more than once or after a responsive pleading has been served "only by leave of the court or by written consent of the adverse party." The rule provides further that "leave shall be freely given when justice so requires." Whether to grant or to deny a Rule 59 motion or a Rule 15 motion is committed to the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. *See Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *American Home Assur. Co. v. Glenn Estess & Associates*, 763 F.2d 1237, 1238 (11th Cir.1985). Although Pelmer presses the merits of these due process and equal protection issues on appeal, he has never addressed whether the district court abused its discretion in refusing to consider these issues.

### 1. *Due Process*

■ In general, the refusal to consider an issue raised for the first time after the entry of judgment is no abuse of discretion. *See Hashwani v. Barbar*, 822 F.2d 1038, 1041 (11th Cir.1987). But in this case, the reckless murder/due process issue was raised in a pleading filed before judgment and—given the liberality afforded pro se pleadings—should have been considered.

*See Golden v. Newsome*, 755 F.2d 1478, 1480 n. 4 (11th Cir.1985) (issue properly raised in brief to trial court even though not explicitly raised in pro se petition).

#### a. *Procedural Default*

"Under Alabama law, a failure to raise an issue either at trial or on direct appeal ... constitutes a procedural bar to the assertion of the claim in a subsequent collateral proceeding." *Ladd v. Jones*, 864 F.2d 108, 109 (11th Cir.1989). Pelmer first raised this reckless murder/due process issue in his state petition for writ of error coram nobis. The Court of Criminal Appeals of Alabama held that the coram nobis court's granting of the motion to strike the reckless murder instruction issue was proper because it "should have been raised in the direct appeal." [2] *Jones*, 484 So.2d at 556.

#### b. *Cause*

Pelmer now claims that he can demonstrate cause for his default by showing trial counsel's ineffectiveness or by showing that it was impossible to anticipate that the Alabama courts would shift their position on the propriety of this reckless murder instruction. Although the district court rejected Pelmer's substantive claim of ineffective assistance, the court addressed neither the reckless murder/due process issue nor Pelmer's cause for failing to object to the reckless murder instruction at trial.

#### (1) Ineffective Assistance as Cause for Procedural Default [3]

■ "Ineffective assistance of counsel ... is cause for a procedural default."

---

**2.** Had the reckless murder/due process issue been preserved by a contemporaneous objection at trial, the issue could have been raised on direct appeal. Under Alabama law, "in a non-capital case, where no objection is made to the erroneous portion of the trial court's oral charge, that issue is not properly preserved for appellate review." *Biddie v. State*, 516 So.2d 846 (Ala.1987). Pelmer recognized in his pro se state coram nobis petition that his trial lawyer's failure to object to the reckless murder instruction had prevented him from raising the issue on direct appeal.

**3.** The state does not claim that the procedural default barring consideration of ineffective assistance of counsel as an independent basis for habeas relief also bars consideration of ineffective assistance as a basis for cause for a separate procedural default. *Cf. Murray v. Carrier*, 477 U.S. 478, 489, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986) (ineffectiveness must be exhausted in state court as independent claim before it may be used to establish cause for procedural default). Because the parties have not argued the issue to us, we do not address it.

*Murray v. Carrier,* 477 U.S. 478, 488–89, 106 S.Ct. 2639, 2646, 91 L.Ed.2d 397 (1986). The "proper standard for attorney performance is . . . reasonably effective assistance." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984). In analyzing an ineffectiveness claim, a court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . ." *Id.* at 690, 104 S.Ct. at 2066.

Pelmer claims that his trial counsel's performance was deficient in several respects, but Pelmer most strongly asserts as error his trial counsel's failure to object to the trial court's reckless murder instruction.[4] Just months before Pelmer's trial, the Alabama Court of Criminal Appeals had held that an alternative instruction on reckless murder in a prosecution for intentional murder was not a fatal variance. *See Marsh v. State,* 418 So.2d 191, 192–93 (Ala. Crim.App.1982). While Pelmer's direct appeal was pending, *Marsh* was overruled in *Washington* where the Alabama Supreme Court held that giving a reckless murder instruction when the defendant is charged only with intentional murder violates the U.S. and Alabama constitutions. *Washington,* 448 So.2d at 408.

We hold that trial counsel's failure to object to the jury instruction which had been recently approved by the Alabama Court of Criminal Appeals—the court to which an appeal would be taken—was not unreasonably ineffective assistance. "Every trial presents a myriad of possible claims." *Engle v. Isaac,* 456 U.S. 107, 133, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982). Because *Marsh* provided support for the instruction, a reasonable lawyer might have been confused about the law or decided that it was bad strategy or inappropriate or both for an officer of the court to challenge a jury instruction which had re-

cently been upheld by the highest state court to review the instruction. Pelmer's trial counsel could have reasonably overlooked the reckless murder/due process issue or chosen to pursue other more obvious avenues of defense instead of this jury instruction issue. We stress that the Constitution "does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle* at 134, 102 S.Ct. at 1575. Therefore, ineffective assistance of counsel at trial cannot excuse the procedural default.

### (2) Novelty of the Issue

■ "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures." *Reed v. Ross,* 468 U.S. 1, 16, 104 S.Ct. 2901, 2910, 82 L.Ed.2d 1 (1984). But the mere fact that a claim has been rejected by a state court does not make the claim unavailable:

> We note . . . that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. . . . Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. Allowing criminal defendants to deprive the state courts of this opportunity would contradict the principles supporting *Sykes.*

*Engle,* 456 U.S. at 130, 102 S.Ct. at 1573.

Pelmer does not claim futility as such. Rather, citing *Washington* and *Marsh,* he contends that at the time of his trial he could not know that the use of Alabama's reckless murder instruction raised a constitutional question. We reject this argument and hold that the legal basis for framing Pelmer's reckless murder/due process claim was available at the time of his trial.

---

**4.** We will consider on appeal only those grounds for ineffectiveness presented below. *See Francois v. Wainwright,* 741 F.2d 1275, 1284 n. 9 (11th Cir.1984). Pelmer asserted below these additional examples of trial counsel's deficient performance: (1) failure to subpoena evi-

dence of eyewitness's impaired vision; (2) failure to file *Brady* motions; and (3) failure to inspect crime scene and gather evidence. These alleged grounds do not relate to Pelmer's procedural default and seem, in any event, to be without merit.

The only case which Pelmer cites as a shift in the law is *Washington.* Although *Washington* did signal a shift in the position of Alabama's courts on the jury instruction at issue, it establishes no new principle of federal constitutional law. The federal constitutional principle forming the legal basis for Pelmer's claim—that is, that conviction of a crime not charged violates due process—has been long established by the nation's highest court. *See, e.g., Stirone v. United States,* 361 U.S. 212, 217, 80 S.Ct. 270, 272–73, 4 L.Ed.2d 252 (1960); *DeJonge v. Oregon,* 299 U.S. 353, 362, 57 S.Ct. 255, 259, 81 L.Ed. 278 (1937). Pelmer has pointed to no federal case which previously approved the jury instruction at issue. And, for that matter, neither had the highest court in Alabama approved the instruction.

That *Washington* did not overrule *Marsh* until after Pelmer's trial and during the pendency of Pelmer's direct appeal might explain why Pelmer's counsel, believing objection futile, did not object to the jury instruction at trial; but *Marsh*'s existence fails to establish that the legal basis for the claim was unavailable. That the law is unsettled on a point does not mean the legal basis for arguing the point is unavailable. Novelty, that is, the unavailability of a legal basis for a claim, can be cause for a procedural default, and so can ineffectiveness of counsel; but there can be a gap between these separate grounds for cause. Because law is not an exact science, an ordinary, reasonable lawyer may fail to recognize or to raise an issue, even when the issue is available, yet still provide constitutionally effective assistance. *See Engle,* 456 U.S. at 133–34, 102 S.Ct. at 1575. So long as counsel is not constitutionally ineffective, counsel's errors are not cause for procedural default. *Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645–46.

Before Pelmer's trial, Marsh and Washington both raised the reckless murder/due process issue at their trials. This shows that the claim was available and had been recognized by other lawyers at the time of Pelmer's trial. "Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default." *Engle,* 456 U.S. at 134, 102 S.Ct. at 1575. Novelty of the issue does not excuse Pelmer's default. Further consideration of the reckless murder instruction is barred.[5]

### 2. *Equal Protection*

■ The district court denied Pelmer's post-judgment motion to amend his habeas petition to add an equal protection argument. The district court had permitted Pelmer to amend his petition prior to the entry of judgment. Unlike his Rule 59 motion, Pelmer filed his second Rule 15 motion extremely late: the district court had denied Pelmer's amended petition on the merits almost a year before this attempted amendment, and Pelmer had already appealed to this court which had agreed to hear the appeal. When this second amendment was proposed, the case was before the district court for the purpose of ruling on the Rule 59 motion. We cannot say that the district court abused its discretion. The merits of this equal protection claim are therefore not before us.

### CONCLUSION

The judgments and orders of the district court are therefore AFFIRMED.

---

5. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Carrier,* 477 U.S. at 496, 106 S.Ct. at 2650. That Pelmer intentionally shot the victim has never been disputed. The jury rejected Pelmer's claim of self-defense. The evidence was sufficient to support a conviction of intentional murder. In light of the evidence, we cannot say that Pelmer is probably innocent.