MONTIEL, Judge.
This is an appeal from the denial of a Rule 32, A.R.Cr.P., petition filed by Joe Drake in the Mobile Circuit Court. In his petition, the appellant alleged 1) that he. was charged with and convicted of multiple offenses that arose out of one transaction and that, therefore, the state should have been required to elect between counts, 2) that he was denied the effective assistance of counsel, and 3) that the trial court improperly charged the jury on the elements of first degree robbery and that the jury was not charged on any lesser included offenses. Although the state did not file a response to the Rule 32 petition as required by Rule 32.7, A.R.Crim.P., a hearing was held on the petition.
At the end of the hearing, the trial court stated:
“Okay. I’m going to deny the motion. Will you draw an order, John [assistant district attorney], stating it’s procedurally barred, that he could have raised this at the trial court level, that he could have raised it when it was before the Criminal Court of Appeals and whatever else.”
(R. 10.) The following order was made by the trial court:
“(1) The Petitioner’s allegations in Paragraph 12(A) of the Petition are procedurally barred from review pursuant to Temporary Rule 20.2(a)(4) and (5) because such allegations were either raised on appeal or could have been raised on appeal;
“(2) The petition and the records of the Court show that the Petitioner was represented before this Court by Mr. John Bertolotti and on appeal by Elizabeth Shaw. Thus, the alleged ineffectiveness of trial counsel could have been raised as an issue on direct appeal. Therefore, on the strength of Hope v. State, 521 So.2d 1383 (Ala.Cr.App.1988), Jones v. State, 484 So.2d 554 (Ala.Cr.App.1985), and Temporary Rule 20.2(a)(4) and (5), the Petition is denied on this additional ground; and
“(3) The Petition is time barred by the applicable statute under Rule 20.2(c) of the Alabama Rules of Criminal Procedure.”
(R. 52.) The petition before this court is not time barred by Rule 32.2(c), A.R.Crim.P. because the petition was filed on October 25, 1991, which is within two years of the issuance of the certificate of judgments on the convictions that the appellant attacks in his petition (June 26, 1990). The trial court correctly barred the first and third allegations of the petition because they could have been or were raised on direct appeal. However, the appellant’s ineffective assistance of counsel allegation cannot be procedurally barred because it could have been raised on direct appeal. Allegations of ineffective assistance of counsel may not be raised for the first time on appeal and “these allegations are more appropriately dealt with in a Rule 32 petition.” Christianson v. State, 601 So.2d 512 (Ala.Crim.App.1992).
Therefore, this cause is remanded to the circuit court with directions that that court address the allegation of the ineffective assistance of counsel on its merits after the State files a response to this allegation. If *62 necessary, the court shall hold another hearing on this allegation. A return to remand shall be filed with this court within 60 days of this opinion.
REMANDED WITH DIRECTIONS.*
All the Judges concur.

 Reporter of Decisions’ note: On April 14, 1993, on return to remand, the Court of Criminal Appeals affirmed, by an unpublished memorandum.