Tommie Lynn Goins was convicted of the murder of Hank Roberts, his brother-in-law, with a shotgun blast to the head. He was sentenced to life imprisonment in the penitentiary.
A disagreement had arisen between appellant Goins and the deceased victim, Roberts. The appellant was married to the victim's sister, Joann, and had knocked her front teeth out. The accused and his eventual victim saw each other at a service station and exchanged harsh words. The appellant denied knocking his wife's teeth out, saying they had been knocked out when she ran into an air conditioner. The accused then returned to his home in Atmore. Later that day he got a shotgun, loaded it, and compelled his wife and children to get into the car with him. He said he was going to Roberts' house to kill him. When they arrived, the accused told his children to go into the house, where they found Roberts and his small daughter. Joann told Roberts that appellant Goins had come to kill him. When Roberts stepped outside the door, he was shot in the head by the appellant.
 I
Appellant contends that the court erred to reversal in giving a jury instruction on both intentional murder and reckless murder. Our Supreme Court in Ex parte Washington, 448 So.2d 404
(Ala. 1984), has condemned giving the charge on reckless murder when only intentional murder was charged in the indictment. In this case, however, no objection was made to the charge until after the jury had begun its deliberations. After the court concluded the oral charge to the jury, appellant's counsel announced "satisfied." In Washington, our court stated:
 "In order to preserve alleged error in the trial court's oral instructions to the jury, the objection must be made prior to the jury's retirement for deliberation, Johnson v. State, 421 So.2d 1306 (Ala.Cr.App. 1982), but it need not be made in their presence. A.R.Crim.P., Temp. Rule 14. The objection must be specific enough to point out the alleged error so as to allow the judge to correct the error. Crumpton v. State, 402 So.2d 1081 (Ala.Cr.App. 1981). Defendant's counsel did object prior to the jury's retirement for deliberation. The objection was to the oral instruction that defendant could be found guilty if under circumstances manifesting extreme indifference to human life he recklessly caused the death of the victim, when the indictment alleged only that the defendant acted intentionally. The objection by the defendant pointed out that the indictment only had one count, intentional murder, and he objected to the inclusion of a reference to recklessness. We fail to see how the trial court could not have been put on notice as to what the alleged error was." (emphasis supplied)
Washington, 448 So.2d at 406.
We take careful note that the Supreme Court considered it a condition precedent that the defense must have objected to the portion of the charge considered objectionable before the jury retired for deliberation, citing Johnson v. State,421 So.2d 1306 (Ala.Cr.App. 1982). *Page 99 
In Geter v. State, 468 So.2d 197 (Ala.Cr.App. 1985), we refused to reverse a conviction where there had been no objection made to the court's oral charge, stating:
 "In Washington v. State, 448 So.2d 398, 403
(Ala.Cr.App. 1983), this court held that the issue of the court's instructions was not properly preserved for review. The Supreme Court reversed, holding that the issue had been properly preserved. That court began its analysis with the preservation issue prior to determining that the universal malice charge cannot be given when the indictment only charges intentional murder:
 " 'Having concluded that the defendant did preserve the alleged error, we must determine whether the oral charge constituted a fatal variance from the indictment.'
 "It is, therefore, quite clear that to preserve error for appellate review there must be an objection to the trial court's charge on universal malice when the indictment only alleges intentional murder. In this case, the appellant did not make such an objection, and so, the issue is not preserved. The analysis used by our Supreme Court in Washington commands this determination." (emphasis supplied)
Further, Rule 14 of the Alabama Temporary Rules of Criminal Procedure, provides in pertinent part:
 "No party may assign as error the court's giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." (emphasis supplied)
The issue is not preserved for appellate review where no objection is made, before the jury retires, to an erroneous oral charge by the trial court. Ex parte State of Alabama v.Biddie, 516 So.2d 846 (Ala. 1987).
 II
Appellant further contends that error was preserved when objection was made to the court's erroneous charge when the jury came back for instructions after an hour and a half of deliberations. The jury was interested in the definitions of murder, manslaughter, and self-defense. The court again charged them on these matters, and by this time defense counsel was objecting to a charge on reckless murder.
On the authority of the previously cited cases and rule, this objection simply came too late. In Briggs v. State,375 So.2d 530 (Ala.Cr.App. 1979), this identical situation was presented. Objections made when the jury had asked the court to answer a question or for additional charges are too late. In Briggs, we stated:
 "At the close of an extensive oral charge, the attorneys for both sides announced, "Satisfied." Later, after the jury had retired and begun their deliberations, the jurors requested additional instructions on malice and the distinction between malice and intent, and further received instructions on manslaughter in the first degree. There was no exception to the instructions on manslaughter in the first degree.
 "With reference to the instructions on malice and intent, we have carefully reviewed the trial court's oral charge and find that the trial court did correctly charge the jury on these matters, and the principal trial counsel, Mr. Smith, having announced, "Satisfied," it was too late for co-counsel to later make exception when the jury asked for further instructions." 375 So.2d at 535.
We view the charge regarding reckless murder as no more than surplusage in this particular case. The state's evidence described a premeditated, cold-blooded murder which the appellant apparently wished his wife and children to witness. He loaded his shotgun before he left his house, drove to his victim's house, and shot him in the head. The defendant's version of the facts was calculated to make out a case of self-defense, if believed, but not a case of reckless murder. *Page 100 
 III
Appellant seeks a reversal because of some people attempting to speak to one of the jurors during a recess. This matter was reported to the trial court, which promptly held a hearing. The juror in question stated that neither of the contacts would affect her decision in the case. The denial of the appellant's motion for mistrial was the only conclusion the trial court could have arrived at based on the evidence.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 921