TYSON, Judge.
Frank Lee, Jr., was indicted for burglary in the first degree in violation of § 13A-7-5, Code of Alabama 1975, and rape in the first degree in violation of § 13A-6-61, Code of Alabama 1975. The jury found the appellant “guilty of burglary in the first degree” and “attempted rape in the first degree.” The trial judge thereafter sentenced the appellant to twenty-five years in the State penitentiary and ordered him to pay $50.00 to the Alabama Crime Victims Compensation Fund.
[[Image here]]
The appellant raises only one issue on appeal. He contends that the trial judge committed reversible error by refusing to instruct the jury on the crime of sexual abuse.
At the close of all the evidence, the trial judge instructed the petit jury on what he *26 considered to be the applicable law. Upon conclusion, he asked both the district attorney and the defense counsel if anything was omitted from his instructions. Both parties responded in the negative.
The jury then retired but returned a few minutes later with a few questions. The trial judge re-instructed the jury on the elements of rape and attempt. The jury thereafter retired for further deliberations.
After the jury left the courtroom, the defense counsel objected to the instruction, whereby the following colloquy occurred:
“MR. YELVERTON: Judge, I like to object to that charge for the record. . I would object — and I didn’t raise the objection earlier to the attempted rape. I would think if you going to charge them on attempted rape, you going to have to charge them on all the lesser included of sexual offense.
“THE COURT: I wasn’t asked to charge on any—
“MR. YELVERTON: You weren’t asked to charge on attempted rape either. "THE COURT: But. you made in your motion, you made a point that there was possibly not penetration. And that’s the reason I charged on attempt.
“MR. YELVERTON: Well, a touching, for instance, can be a sexual offense. And that can also be not penetration which is sex abuse. And I understand if — my understanding is if there’s any reasonable inference from the evidence and a party so moves that they be charged, then they can be charged with those things.
“THE COURT: Whatever lesser included would you have me charge on?
“MR. YELVERTON: I wish you just charged them on rape and nothing else.
“Also my objection is not charging the jury when they said could you give us a written charge on the law, they should of been charged again on the burden of proof in the case and what reasonable doubt is in the ease and the other things contained in the charge.
“THE COURT: Note your exceptions.”
(R. 74-75).
The appellant claims that the trial judge committed reversible error by not instructing the jury on the lesser-included offense of rape, i.e., sexual abuse.[1]
This court has previously addressed this situation. Goins v. State, 521 So.2d 97, 99 (Ala.Cr.App.1987); Briggs v. State, 375 So.2d 530 (Ala.Cr.App.1979). In Goins and Briggs, the appellant indicated that he was satisfied with the trial judge’s instruction to the jury. The respective juries thereby retired to deliberate. Both juries, as in the cause sub judice, returned, however, seeking clarification to the instructions. At this time, in Goins, Briggs, and the present cause, the appellant objected to the trial judge’s instructions.
In Goins and Briggs, we stated that the raised objections were untimely, since they were not raised before the jury retired to deliberate. See Allen v. State, 414 So.2d 989, 992 (Ala.Cr.App.1981), aff'd, 414 So.2d 993 (Ala.1982) (“The primary reason for requiring an exception after the trial court’s oral charge and before the jury retires is that such requirement might expedite a satisfactory conclusion of the case”). The conclusion must be the same in the present cause — the appellant’s objection was not timely made.
Thus, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.

. The State argues that sexual abuse is not a lesser-included offense of rape. Because of our decision in this case, there is no need for us to address the merits of this contention.