MADDOX, Justice
(dissenting).
We granted the writ in this case to review a holding by the Court of Criminal Appeals that the defendant timely objected to the trial court’s failure to instruct the jury on the definition of “forcible compulsion.” This Court, upon further review, decided to quash the writ as improvidently granted. I respectfully dissent. I would hold that the defendant, not having objected before the jury retired, as required by Rule 21, Ala. R.Crim.P., waived any objection he might have had.
The facts show that although the defendant did not object to the trial court’s failure to instruct the jury on the definition of “forcible compulsion” before the jury retired to consider its verdict, he did specifically ask the trial judge to so instruct the jury when the jurors returned after about an hour of deliberations. Consequently, the issue was brought to the attention of the trial court before a verdict was returned and in time for the trial court to take corrective measures.
The defendant, Gregory Floyd, was convicted of first degree sodomy under § 13A-6-63(a)(l), Ala.Code 1975, and first degree sexual abuse under § 13A-6-66(a)(3). He was sentenced to life imprisonment on the sodomy conviction and to 10 years’ imprisonment on the sexual abuse conviction. The Court of Criminal Appeals reversed the sodomy conviction and affirmed the sexual abuse conviction. We granted the state’s petition, to consider whether the defendant preserved for review the question whether the trial court erred in failing to instruct the jury on forcible compulsion as an element of sodomy.
The facts are set out in the Court of Criminal Appeals’ opinion as follows:
“[T]he victim, J.B., a five-year-old female, was spending the night in the appellant’s house. Present in the appellant’s house were the appellant; his wife, Shannon; their three young children, who weré friends of J.B.; and J.B. The appellant was 25 years of age at the time of the incident. During the night, Shannon became ill and went to the hospital for emergency treatment, leaving the appellant with the children temporarily. According to J.B., some time that night, the appellant took her from the couch where she was sleeping and carried her to his couch, where he removed her pants and panties and then licked her vagina and put his finger in her vagina. J.B. testified that when the appellant inserted his finger into her vagina, it hurt and caused her to bleed. The next morning, she complained to Shannon and told Shannon what had happened. She was still bleeding. She was taken to the hospital for an examination. The doctor found a tear in her vaginal wall, and testified that it was consistent with an object such as a finger having been inserted into her vagina. J.B. also told the doctor and a police officer, Debbie Davis, what the appellant had done. J.B.’s clothing was collected from the appellant’s residence, and blood stains were discovered on a pair of her panties and on her T-shirt.”
The indictment in the case stated, in part:
“Gregory Floyd ... did, on about, to-wit, May 26th, 1992, engage in deviate sexual intercourse with [J.B.] by forcible compulsion in violation of Section 13A-6-63 of the Alabama Criminal Code against the peace and dignity of the State of Alabama.”
The language of the indictment tracks the language of § 13A-6-63(a)(l). However, the trial court, when instructing the jury on the sodomy charge, followed the language of § 13A-6-63(a)(3), stating in part:
“A person 16 years of age or older commits the crime of sodomy in the first degree if he engages in deviate sexual intercourse with a person who is less than 12 years old. To convict, the state must prove beyond a reasonable doubt each of the following elements of sodomy in the first degree. One, that the defendant, Gregory Floyd, engaged in deviate sexual intercourse with [J.B.], and two, that [J.B.] was less than 12 years old at that time, and three, that Gregory Floyd was 16 years of age or older at that time.”
*967 As I have already stated, the defendant did not object to the failure of the trial court to instruct the jury on the definition of “forcible compulsion” before the jury retired to consider its verdict, but when the jury returned after about an hour of deliberations, it requested a definition of “forcible compulsion.” The following exchange took place:
“THE COURT: They have asked two questions. One, ‘What [are] the criteria of deviate sexual intercourse?’ So I guess I’ll just go back and define that again, and two, ‘What is the definition of forcible compulsion?’ I guess I’ll just tell them that I didn’t say anything about forcible compulsion because it’s not an element.
“MR. ADAMS [for the defendant]: I will object to it, Judge. He was not indicted under that Code section.
“THE COURT: It wasn’t delineated as far as the paragraph. It did say by forcible compulsion in the indictment.
“MR. ADAMS: There is nothing in there that says anything about the other part.
[[Image here]]
“THE COURT: I think the defendant had plenty of notice that he was charged with having deviate sexual intercourse with a female under the age of twelve. That was the way I charged them and there was no exception to the charge. So, I’m just going to let them know that that’s not an element as I charged them.
“MR. ADAMS: Although he was indicted under that Code section? We object to you giving them another instruction on forcible compulsion at all.
“MRS. JONES [for the State]: What are you saying? You want it defined or not?
“MR. ADAMS: I don’t want it redefined.
“THE COURT: I am not going to define it.
“MR. ADAMS: But I want the judge to tell them now he wasn’t going to tell them that it didn’t apply in this ease.
“THE COURT: I did that — Well, I won’t get into why I did that right now. Go ahead and bring them in.
“(Jury present.)
“THE COURT: Let the record reflect everyone is back in the courtroom. I have two questions from the jury. I will go over the first one: ‘What [are] the criteria of deviate sexual intercourse?’
[[Image here]]
“THE COURT: I will go back and read you the definition of deviate sexual intercourse. That’s going to be the best that I can do.
“Deviate sexual intercourse means any act of sexual gratification involving the sex organ of one person and the mouth or anus of another.
“The second question is, ‘What is the definition of forcible compulsion? I did not define forcible compulsion to you in my charge because it is not necessary that you know the definition of forcible compulsion in this case. That is not an element in this ease.
“I will send you back with those definitions and instruction at this time.”
The Court of Criminal Appeals, citing Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988), said, “The issue was brought to the attention of the trial court before a verdict was returned and in time for the trial court to take corrective measures.” 659 So.2d at 966. The Court of Criminal Appeals further stated that even if the issue was not clearly preserved, the court was required to reach the issue, because, that court held, the trial court’s failure to instruct the jury on “forcible compulsion” had the effect of amending the indictment to charge a new offense not contemplated by the original indictment and this violated the defendant’s constitutional right to be tried and convicted only on the charges presented in the indictment, under Art. I., § 8, Alabama Constitution of 1901 (as amended by Amendment 37).
I not only disagree with the determination by the Court of Criminal Appeals that the objection was timely, but I also disagree with that court’s ruling that the issue was properly preserved. My disagreement is based on the fact that the ruling that the objection was timely conflicts with prior decisions of the Court of Criminal Appeals, which have held that an objection not made before the jury retired was untimely, even though the objec *968 tion was made before the jury returned its verdict.
In Smith v. State, 601 So.2d 201 (Ala.Crim. App.1992), the defendant argued that the trial court had erred in refusing his request that the jury be instructed on the lesser included offenses of burglary in the second degree, burglary in the third degree, and sexual assault. The Court of Criminal Appeals held:
“A request to instruct or an objection to an instruction that is made when the jury returns with a question or for re-instruction is untimely. Goins v. State, 521 So .2d 97, 98-99 (Ala.Cr.App.1987).
“In the case at bar, defense counsel requested that the court charge the jury on the lesser included offenses only after the jury returned from deliberations with a question. Once the jury retires to deliberate, any objection to the trial court’s charge or any request for a particular instruction is untimely. Hence, Smith did not preserve any claim of error in the trial court’s failing to instruct on lesser included offenses.”
601 So.2d at 206-07. In Goins v. State, 521 So.2d 97, 98-99 (Ala. Crim.App.1987), the Court of Criminal Appeals stated:
“Appellant contends that the court erred to reversal in giving a jury instruction on both intentional murder and reckless mur-der_ In this case, however, no objection was made until after the jury had begun its deliberations....
[[Image here]]
“The issue is not preserved for appellate review where no objection is made, before the jury retires, to an erroneous oral charge by the trial court. Ex parte State of Alabama v. Biddie, 516 So.2d 846 (Ala. 1987).
“Appellant further contends that error was preserved when objection was made to the court’s erroneous charge when the jury came back for instructions after an hour and a half of deliberations. The jury was interested in the definitions of murder, manslaughter, and self-defense. The court again charged them on these matters, and by this time the defense counsel was objecting to a charge on reckless murder.
“On the authority of the previously cited eases and rule, this objection simply came too late. In Briggs v. State, 375 So.2d 580 (Ala.Crim.App.1979), this identical situation was presented. Objections made when the jury had asked the court to answer a question or for additional charges are too late.”
521 So.2d 97, 98-99.
This construction of Rule 21, Ala.R.Crim. P.,[1] has been applied in other cases decided by the Court of Criminal Appeals. See, e.g., Leverett v. State, 462 So.2d 972 (Ala.Crim. App.1984).
Based on the foregoing, I would hold that the Court of Criminal Appeals erred in holding that the error in the trial court’s jury charge was preserved for review; thus, I would reverse the judgment of the Court of Criminal Appeals and affirm the judgment of the trial court.

. Rule 21.2 provides, in pertinent part:
"No party may assign as error the court's ... giving of an erroneous, misleading, incomplete, or otherwise improper oral charge, unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.”