The appellant, Gregory Lett, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life in prison.
The evidence presented at trial tended to show that the appellant shot and killed Shelby Henry Green, Jr. The appellant did not dispute this fact. He contended that he shot Green after his cousin complained to him that Green had tried to rape her and that, therefore, he had provocation recognized by law. He also contended that he shot Green in self-defense.
 I
On appeal, the appellant argues that the court erred in allowing the state to cross-examine and impeach two witnesses, Elliott Brewer and Erika Lett, who were present when the appellant shot Green. Shortly after the shooting, these witnesses told police that Green was running away from the appellant when the appellant shot him. Several days before trial, however, these witnesses told persons associated with the prosecution that Green was advancing on the appellant when the appellant shot him.
The state requested that it be allowed to call these witnesses as adverse or hostile witnesses so that it could cross-examine them and impeach them with their prior inconsistent statements to police. After a hearing out of the presence of the jury, the court determined that Elliott Brewer's testimony was adverse to the prosecution. The court, however, decided to call him as a "court's witness" rather than an "adverse witness." After a discussion with the prosecution and defense counsel, the court also decided to call Erika Lett as a court's witness. The court then allowed the prosecution to question Brewer and Lett and to impeach their trial testimony with their prior inconsistent statements to police.
The appellant contends that the court erred in not questioning Brewer and Lett about a relevant matter before allowing the prosecution to begin questioning them. The appellant bases this argument on § 171.01(1) of McElroy'sAlabama Evidence, which provides:
 "If the trial judge calls a person to the stand for the avowed purpose of being the court's witness, but the person under the judge's questioning has not testified to any *Page 1194 
relevant fact, such person is not the judge's witness within the meaning of the rule that any party may impeach a witness called by the judge."
C. Gamble, McElroy's Alabama Evidence, § 171.01(1) (4th ed. 1991). As authority for this proposition, McElroy's citesRandolph v. State, 331 So.2d 766 (Ala.Cr.App. 1976), cert. denied, 331 So.2d 771 (1976), and Peoples v. State, 257 Ala. 295, 58 So.2d 599 (1952). A review of these cases reveals thatRandolph merely quotes a previous edition of McElroy's for this proposition, and that Peoples does not say that the court must elicit testimony from a witness that it calls by even a single question.
The calling of a witness by the court is specifically provided for in Rule 19.2(b), A.R.Crim.P., entitled "Court Witnesses," which states, in pertinent part:
 "(1) Calling by Court. The court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called.
 "(2) Interrogation by Court. The court may
interrogate witnesses, whether called by the court or by a party."
(Emphasis added.) This rule permits the court to question a witness that it calls; however, it does not require the court to question that witness.
This rule that permits, but does not require, the court to question witnesses called by the court has long been recognized in Alabama. In 1950, Judge Harwood, writing for the Court of Appeals, stated:
 "It is within the sound discretion of a trial judge, in the interest of truth and justice, to call to the stand and examine, or permit to be examined by both parties, any witness who may be able to shed light upon the issues, the court being careful to preserve an attitude of impartiality."
Anderson v. State, 35 Ala. App. 111, 117, 44 So.2d 266 (1950) (emphasis added). See also Kissic v. State, 266 Ala. 71,94 So.2d 202 (1957) (quoting Anderson); McCall v. State,501 So.2d 496 (Ala.Cr.App. 1986) (quoting Anderson). This rule gives the court the discretion either to call a witness and question him or to call a witness and allow him to be questioned by both parties. While a trial judge has the right to question a witness whom he calls to the stand, he is notrequired to question that witness himself. Regardless of whether the trial judge asks questions of the witness, the witness is still a "court's witness."
The court did not err in calling Elliott Brewer and Erika Lett as court witnesses and then allowing the state to cross-examine them and to impeach their testimony through use of their prior inconsistent statements.
 II
Next, the appellant argues that the court erred in denying his motion for a judgment of acquittal. Specifically, he contends that the case should have been submitted to the jury on the offense of manslaughter only and not on the offense of murder. He contends that the state's evidence showed that he shot the victim "in the heat of passion," thus negating the possibility that he was guilty of murder.
Section 13A-6-3, Code of Alabama 1975, provides that a person commits manslaughter if:
 "He causes the death of another person under circumstances that would constitute murder under section 13A-6-2; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself."
Here, the court instructed the jury on both murder and manslaughter. Whether the appellant's conduct was legally provoked was a question for the jury to resolve. Commentary to § 13A-6-3, Code of Alabama, 1975. We will not substitute our judgment for that of the jury. Geter v. State, 468 So.2d 197
(Ala.Cr.App. 1985).
 III
The appellant further contends that the circuit court erred in failing to instruct the jury on two points of law. He contends that the members of the jury should have been instructed first, that they could consider *Page 1195 
the deceased's intoxication in determining whether the appellant had acted in self-defense when he shot Green and that provocation can arise from circumstances other than assault or the threat of assault. The appellant's trial counsel did not request that these instructions be given to the jury and did not object to the instructions that the court gave. Thus this issue was not preserved for appellate review. Harell v. State, 608 So.2d 434 (Ala.Cr.App. 1992); Storyv. State, 588 So.2d 948 (Ala.Cr.App. 1991).
 IV
Last, the appellant contends that he received ineffective assistance from his trial counsel because, he says, counsel did not preserve the issues concerning the jury instructions addressed in Part III of this opinion. The appellant, however, has also failed to preserve the ineffective assistance of counsel issue.
On July 6, 1992, the appellant's appellate counsel filed a motion for a new trial, stating as his only grounds that "the verdict was against the great weight of the evidence." On December 18, 1992, the court denied the appellant's motion for a new trial, noting in the case action summary, "Motion for New Trial filed by defendant's attorney, D.E. Brutkiewicz, Jr., July 6th, 1992 — DENIED." It appears that on this same day, the appellant presented the issue concerning the ineffective assistance of his trial counsel in an amended motion for a new trial. There in no indication on the motion, however, as to when or if the amended motion was filed in the circuit court.
Nevertheless, the court denied the appellant's original motion for a new trial and did not entertain the additional grounds presented. Once the court denied the first motion for new trial, it lost jurisdiction over this case. The appellant had filed both oral and written notice of appeal with this court prior to the court's denial of his original motion for a new trial. Once the appellant's new trial motion was denied, this court obtained jurisdiction over this case, and the circuit court lost jurisdiction.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.