[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 19, 2005
THOMAS K. KAHN
CLERK

No. 04-14890
Non-Argument Calendar

_____

D.C. Docket No. 02-01746-CV-CO-NE

RICKEY LYNN CLOUD,

Petitioner-Appellant,

versus

JAMES DELOACH, Warden,
ATTORNEY GENERAL OF ALABAMA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 19, 2005)**

Before ANDERSON, CARNES, and WILSON, Circuit Judges.

PER CURIAM:

Rickey Lynn Cloud was convicted in Alabama state court for the aggravated stalking of his ex-wife. During the jury trial, a great deal of evidence came in, mostly without objection, as to acts and threats by Cloud for which he had already been convicted of attempted stalking. Cloud, represented by counsel, appealed his conviction to the Alabama Court of Criminal Appeals. Cloud argued, among other things, that the admission of certain cassette tapes and testimony concerning acts and threats for which he had already been convicted violated his double jeopardy rights.

The state appellate court held that Cloud's claim of double jeopardy concerning the cassette tapes was preserved on appeal, but that Cloud had not preserved his double jeopardy claim as to the testimony because he had not objected at trial. The court went on to hold that, even if Cloud had preserved his double jeopardy claim as to both the cassette tapes and the testimony, the evidence was properly admitted. Cloud had been prosecuted for two threatening phone calls that he had made after his conviction for attempted stalking. He had not been prosecuted a second time for acts—recorded on the cassette tapes and described in the testimony—that occurred before the attempted stalking conviction. According to the court, "Cloud's prior harassment history was admissible to prove a credible threat and intent, which are elements of stalking."

2

Cloud's application for rehearing before the state appellate court was overruled, and his petition for writ of certiorari before the Alabama Supreme Court was denied. Cloud's conviction became final, and he proceeded to represent himself in state collateral proceedings. Having failed to gain relief there, Cloud filed a habeas petition pursuant to 28 U.S.C. § 2254. In his petition, Cloud alleged, among other things, that his double jeopardy rights had been violated, though he did not specify how. The district court concluded that Cloud was procedurally barred from raising this claim. We granted a certificate of appealability to determine "[w]hether the district court erred in dismissing as procedurally barred [Cloud's] claim that his conviction violated his double jeopardy rights."

We review de novo the district court's denial of habeas relief. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998).

Under the doctrine of procedural default, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman

3

v. Thompson, 501 U.S. 722, 749, 111 S. Ct. 2546, 2565 (1991); Marek v. Singletary, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

One way in which procedural default can arise is when the state court correctly applies a procedural default principle of state law to conclude that the petitioner's federal claims are barred. Bailey v. Nagle, 172 F.3d 1299, 1302 (11th Cir. 1999). In such a case, a federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a state procedural bar. Id. at 1303.

"In Card v. Dugger, 911 F.2d 1494 (11th Cir. 1990), we established a three-part test to enable us to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001). "First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim." Id.

Second, the state court's decision must rest entirely on state law grounds; it may not be intertwined with an interpretation of federal law. Id. We have held, however, that "[w]hen a state court addresses both the independent state procedural ground and the merits of the federal constitutional claim, the federal

4

court should apply the state procedural bar and decline to reach the merits of the claim." Marek, 62 F.3d at 1301 (citing Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994)); see also Alderman, 22 F.3d at 1549 ("However, as here, where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

Third, the state procedural rule must be adequate. Judd, 250 F.3d at 1313. The adequacy requirement has been interpreted to mean that the state procedural rule must be firmly established and regularly followed, that is, not applied "in an arbitrary or unprecedented fashion." Id.

The district court correctly found that Cloud was procedurally barred from litigating his testimony-based double jeopardy claim in federal court. The Alabama Court of Criminal Appeals clearly applied an independent and adequate state rule requiring contemporaneous objection in finding that this claim was not preserved for review. See Smelcher v. Attorney Gen. of Alabama, 947 F.2d 1472, 1477 n.7 (11th Cir. 1991) ("The rule that '[r]eview on appeal is limited to review of any questions properly and timely raised at trial,' is often repeated by the Alabama courts." (internal citation and marks omitted)). The fact that the court alternatively concluded the testimony was admissible even if Cloud had objected

does not change the result here. See Marek, 62 F.3d at 1301; Alderman, 22 F.3d at 1549. Cloud has not attempted to demonstrate cause and prejudice to excuse the default, nor has he demonstrated that failure to consider his claim would result in a fundamental miscarriage of justice.

The district court, however, erred in not addressing Cloud's cassette tapes-based double jeopardy claim. The Alabama Court of Criminal Appeals found that Cloud had preserved that argument for direct appeal and resolved the issue against him on the merits. Given Cloud's pro se status and the breadth of his § 2254 petition, we conclude that Cloud was seeking habeas review of this claim as well. The State of Alabama acknowledges that, if we find that Cloud raised his cassette tapes-based double jeopardy claim in the district court, then we should vacate and remand as to that claim so that the district court can consider the merits of it. We agree, and that is what we will do.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**